## VALLEY ABSTRACT CO. *et al.* v. PAGE.

No. 2710.   Opinion Filed November 11, 1913.

Rehearing Denied June 23, 1914.

(141 Pac. 416.)

1.   **APPEAL AND ERROR**—Harmless Error—Ruling on Demurrer to Cross-Petition—Mortgage Foreclosure Proceedings. Where a defendant in an action to foreclose a mortgage files a cross-action against third parties, making them parties to the foreclosure suit, and such parties demur to the cross-petition on the ground that it fails to state facts sufficient to connect them with the issues in the foreclosure suit, or to make them proper parties to such suit, although the cross-petition may be insufficient to constitute a cross-action in its technical sense, yet, if it states a cause of action against such parties, an order overruling such demurrer will not be disturbed if, after the demurrer is overruled, such parties answer the cross-petition, and are given separate trials of the issues thereby formed.

Valley Abstract Co. et al. v. Page.

2. **APPEARANCE—Jurisdiction—Waiver of Objection.** Where defendants appear in an action and voluntarily submit to and invoke the jurisdiction of the court on the merits of a case by demurrer, such appearance is general, and they will not be heard to complain that their rights were tried in a forum not their own.

3. **LIMITATION OF ACTIONS—Pleading—Allegation in Avoidance —Sufficiency.** In a suit where the cause of action is barred by limitation, but where plaintiff seeks to bring himself within an exception to the running of the statute, and shows that the relation between him and defendant is one of trust and confidence, the allegation "that the said Alliance Trust Company nor its agent has ever at any time paid the eight hundred dollars to the said John Marsh as agreed, nor to this defendant, J. M. Page, nor to any one for him, and that this defendant learned that said debt to the said John Marsh had not been paid within the last six months, and that Alliance Trust Company, Holmes & Hibbard, and Valley Abstract Company have each fraudulently concealed said fact from this defendant, J. M. Page," is held to be sufficient allegation, as against a general demurrer, to avoid the bar of the statute.

(Syllabus by Harrison, C.)

*Error from District Court, McClain County;*
*R. McMillan, Judge.*

Action by John Marsh against W. H. Nichols and others to foreclose a real estate mortgage, and, from judgment on an issue raised under a cross-bill by J. M. Page, one of the defendants, the Valley Abstract Company and Holmes & Hibbard, defendants in Page's cross-action, bring error. Affirmed.

*Alvin F. Pyeatt* and *Joe B. Thompson,* for plaintiffs in error.

*Blanton & Andrews,* for defendant in error.

Opinion by HARRISON, C. In October, 1909, John Marsh brought suit against W. H. and W. N. Nichols to foreclose a real estate mortgage for $1,035, executed to him by the said W. H. and W. N. Nichols, and also made J. M. Page and Mortgage & Debenture Company parties defendant because of certain interests which they claimed in the land covered by the mortgage; J. M. Page having purchased the land from the Nichols after the mortgage had been given. On December 15th J. M. Page and W. H. and W. N. Nichols joined in an answer to Marsh's petition, pleading payment of $848 on the Marsh mort-

gage, and admitting a balance of $200 to be due on same. But in the same answer, and without joining the two Nichols with him in the cross-action, J. M. Page, for himself, filed a cross-action against the Alliance Trust Company (a loan company), and Holmes & Hibbard as one firm, and Valley Abstract Company as another firm, each as agents of the Alliance Trust Company in making the loan, and by permission of the court, over the objection of both firms, made them parties to the suit on the grounds that in the purchase of the land in question from Nichols he had assumed the payment of $848 of the Marsh mortgage, and in order to raise same had obtained a loan of $1,500 through Holmes & Hibbard and Valley Abstract Company from the Alliance Trust Company, and had executed a mortgage on the real estate in question to secure said $1,500 loan, and further alleged that he had received only $478 out of the $1,500 loan, and that the balance was to be applied on the Marsh debt, and that Holmes & Hibbard and Valley Abstract Company had undertaken and promised to so apply said sum; that Marsh was claiming that such payment had never been made to him, and that, in the event such payment had been made to Marsh, he prayed for credit on the Marsh note for that amount, but that, if it had not been paid, the mortgage to the Alliance Trust Company be credited to that extent, that is, to the amount which they should have paid to Marsh, or that he be given judgment against Holmes & Hibbard and Valley Abstract Company for said sum. On December 10th Marsh replied, denying any payment had been made upon his mortgage. On January 24, 1910, the two Nichols filed an answer confessing judgment for a balance of $200 due on the Marsh mortgage. On June 8, 1910, the Alliance Trust Company, by its trustee, filed a general denial to the answer and cross-petition of Page and Nichols and cross-petition for the foreclosure of its $1,500 mortgage. On the said date, June 8th, Holmes & Hibbard filed their separate answer to the cross-petition of J. M. Page, and on October 20th the Valley Abstract Company filed its separate answer to the cross-petition of J. M. Page; each of said defendants pleading the statute of limitations against Page's cause of action. Thereafter Page filed separate replies to the answer

of each of said parties. Upon trial the court found that the John Marsh mortgage constituted a first and prior lien against the real estate thereby covered, and that his rights under said mortgage were separate and distinct from the rights of the other parties, and gave him judgment against W. H. and W. N. Nichols and J. M. Page for the amount of his mortgage, interest, and costs, and decreed the sale of the land to satisfy the judgment. Also gave the Alliance Trust Company judgment of foreclosure against J. M. Page on its $1,500 mortgage, and gave Page judgment primarily against the Valley Abstract Company for $848, and secondary judgment against Holmes & Hibbard for said amount; the same having been found to have been paid to the Valley Abstract Company by the Alliance Trust Company through Holmes & Hibbard to be applied on the Marsh mortgage, but which the court found had not been paid on said mortgage. From such judgment, the Valley Abstract Company and Holmes & Hibbard join in appeal to this court upon thirteen assignments of error.

The first and second assignments will be considered together, as each involves the question whether Page's cross-petition stated facts sufficient to make the Valley Abstract Company and Holmes & Hibbard proper parties to the action. This question was raised by demurrer, which was overruled.

It is contended by plaintiffs in error that the issues raised by Page's cross-action against the Valley Abstract Company and Holmes & Hibbard were separate, distinct, and wholly foreign to the issues between John Marsh and Page in Marsh's suit to foreclose his mortgage. This contention, however, is answered by the following transcript of journal entry:

"At this time comes on the motion of the plaintiff, John Marsh, that collateral issues existing between the defendants herein and their independent causes of action of one against the other be tried separately and apart from plaintiff's action, and all and each of the defendants admitting in open court that their respective claims were all subsequent and inferior to the claim of John Marsh, as set forth in his petition, the plaintiff's cause of action is separated from the various bills and cross-bills existing between the defendants herein," etc.

Whereupon the court heard the testimony and tried the issues between Marsh and his defendants separately, and gave judgment to Marsh for the amount he sued for; none of the other parties excepting. Then after determining the issues between Marsh and the defendants in his petition, the court proceeded to hear and determine the issues between Page and the defendants in his cross-action, and upon the testimony gave judgment on such issues. So, whatever may have been the insufficiency in the cross-bill as to stating facts sufficient to make the Valley Abstract Company and Holmes & Hibbard proper parties to the original action, the rights of the parties were protected by separate and distinct trials, and plaintiffs in error were thereby given the very relief they sought in their demurrer. Hence their rights in the premises were not prejudiced by being tried jointly with the issues raised in the original action of Marsh's against W. H. and W. N. Nichols and J. M. Page, and the authorities cited in support of the rule that:

"A cross-action by a defendant against co-defendant or third party must be in reference to the claim made by the plaintiff and based upon an adjustment of that claim. * * * Independent and unrelated causes of action cannot be litigated by cross-actions."

—are not applicable to this case for the reason that, although it was denominated a cross-action, it was not so treated by the court, and the parties thereto were given a separate trial.

It is contended by plaintiffs in error, however, that the rights of the parties were prejudiced by being compelled to answer in a forum not their own; that is, out of the county of their residence. If such were the case, plaintiffs in error waived their rights thereunder by invoking and submitting to the jurisdiction of the court in their demurrer.

If there were any question as to the jurisdiction of the court raised by plaintiffs in error, such question was waived by invoking the jurisdiction of the court to pass on the merits of the case in their demurrer, which says:

"First. That the same does not state facts sufficient to entitle the said J. M. Page to the relief prayed for in his cross-petition, or to any relief.

"Second. That said J. M. Page cannot maintain his said cross-petition against this defendant because the cause of action, if any the said J. M. Page had, affirmatively appears from said cross-petition to have been barred from said suit by the statute of limitations long anterior to the filing of said cross-petition.

"Third. That several causes of action are improperly joined.

"Fourth. That there is a defect of parties defendant."

Under the rule of this court in *Ziska v. Avey*, 36 Okla. 405, 122 Pac. 722, and the line of authorities therein cited, plaintiffs in error are held to have waived the question of jurisdiction by invoking the decision of the court on the merits of the case.

The third, sixth, seventh, eighth, ninth, eleventh, twelfth, and thirteenth assignments of error, to be maintained, depend upon the sufficiency of the evidence to support the judgment, and, as the record does not contain the evidence, these assignments cannot be considered. The fourth assignment, however, presents the question of the statutes of limitation.

It is contended by plaintiffs in error that Page's action against them was barred by the statutes of limitation and they allege error of the trial court in overruling the demurrer of Valley Abstract Company, which raised the question of limitation. It seems to have been conceded by Page that the acts complained of as constituting his cause of action were barred by the statutes; but he sought to avoid the bar by allegations which would bring him within the exceptions. The question, then, is whether the allegations in the cross-action were sufficient to avoid the bar of the statutes. It is contended by plaintiffs in error that the allegations were insufficient, and that the court erred in overruling the demurrer. We cannot agree with this. It is very clearly and definitely stated in Page's cross-action that the loan of $1,500 was obtained from the Alliance Trust Company through Holmes & Hibbard and Valley Abstract Company, and that they knew the purpose for which the money was borrowed; that it was borrowed for the purpose of paying off the Marsh mortgage; that the money came into the hands of Holmes & Hibbard and Valley Abstract Company, and that they reserved out of such loan sufficient amount, $848, to pay off the Marsh mortgage and pay the balance, $488, to Page; that the rest, $848, was retained in the

hands of Holmes & Hibbard and Valley Abstract Company, for the express purpose, and with the definite understanding, that it would be paid on the Marsh mortgage; that, having thus intrusted it in their hands for such purpose, he had relied on their doing what they had promised and were obligated to do. He further alleged:

"That the said Alliance Trust Company nor its agent has ever at any time paid the $800 to the said John Marsh, as agreed, nor to this defendant, J. M. Page, nor to any one for him, and that this defendant learned that said debt to the said John Marsh had not been paid within the last six months, and that Alliance Trust Company, Holmes & Hibbard, and Valley Abstract Company have each fraudulently concealed said fact from this defendant, J. M. Page."

The contention is made that this is a mere statement of a conclusion, and not sufficient statement of facts to avoid the bar of the statute. There are two statements in the above language of the complaint, either of which, if sufficiently definite, would avoid the bar, namely: "That defendant had learned that the Marsh debt had not been paid until within the last six months," and "that defendants had each fraudulently concealed said facts from him."

We cannot agree that the statement "that this defendant learned that said debt to the said John Marsh had not been paid within the last six months" is a statement of a mere conclusion. If he had not learned until within the last six months that the money had not been paid on the debt, we know of no way by which he could more clearly and positively state such fact than by averring that he had not learned of it. The statement at least should be sufficient against a demurrer. Likewise the statement "have each fraudulently concealed said facts from this defendant, J. M. Page," while it might not be sufficiently definite as against a motion to make more definite and certain, yet we think is sufficient against a demurrer.

In *Lataillade v. Orcnca,* 91 Cal. 565, 27 Pac. 924, 25 Am. St. Rep. 219, wherein the question of the sufficiency of the allegations to avoid the bar of the statute was involved, the statement "and at all times fraudulently concealed from plaintiff the fact

that he had ever received or held any such moneys or any money in which plaintiff had any interest" was held to be a sufficient averment to avoid the bar of the statutes.

In *Mayne v. Griswold*, 3 Sandf. (N. Y.) 463, the allegation "and that he did not discover the fraud until within six years" was held to be sufficient.

In *White v. Poussin*, Bailey, Eq. (S. C.) 458, it was held: '

"A bill praying relief against fraud must, in order to avoid the effect of the statute of limitations, allege that the fraud was not discovered until within the statutory period before suit brought; yet it will be sufficient if the allegation is substantially, although not clearly or formally, made, and even if it is not made at all, yet if it appear at the hearing that the discovery was not made until within the statutory period, it seems that leave will be given to amend for the purpose of making it."

It must be observed in the case at bar that the facts stated in the cross-complaint were sufficient to constitute a relation of trust and confidence between plaintiff and defendants in the cross-action, and it appears from the record that the trial court so found the facts to be. In such case it is unnecessary for Page to allege that he had used due diligence to discover the fraud, or to allege what acts of diligence had been exercised by him. There was a confidential relation existing between him and Holmes & Hibbard and Valley Abstract Company upon which he had a right to rely. See *McMullen et al. v. Winfield Bldg. & Loan Ass'n*, 64 Kan. 298, 67 Pac. 892, 56 L. R. A. 924, 91 Am. St. Rep. 236, and authorities therein cited. See, also, *Lataillade v. Orenea, supra;* and *Matthews v. Sontheimer*, 39 Miss. 174.

Hence we believe that under the law and the circumstances of this case the allegations in the complaint were sufficient against a demurrer, and that the demurrer was properly overruled. But, after the demurrer was overruled, plaintiffs in error each filed separate answers setting up the statutes of limitation as a defense, and Page thereupon filed reply to that part of the answer, and the issues being thus formed, without any further objection to the sufficiency of the pleadings, the court heard testimony and decided upon the facts that Page had a cause of action

against Holmes & Hibbard and Valley Abstract Company, and that same was not barred by the statute of limitations.

As to the sufficiency of the evidence to sustain the court's finding, we cannot say, as the record does not contain the evidence taken at the trial, and, finding no errors in the transcript of the record, we believe the judgment should be affirmed.

However, defendant in error, J. M. Page, has filed cross-petition in error complaining of the action of the court in rendering primary judgment against Valley Abstract Company and secondary judgment against Holmes & Hibbard, and asked that judgment be reversed and modified so as to make Holmes & Hibbard primarily liable and Valley Abstract Company secondarily liable to defendant; but the court's decree in this regard was in a great measure rendered upon the facts in the case, and, as the facts do not appear in the record, the judgment will not be disturbed.

The judgment is affirmed.

## ON REHEARING.

PER CURIAM. We are inclined to agree with counsel that the court below erred in fixing the primary liability as between the defendants. Nothing appears in the record to justify the distinction made in the liability of the Valley Abstract Company and Holmes & Hibbard. As between themselves there were meager disclosures along this line, and, so far as the record shows, they each made common cause against Page. They were equally at fault for the loss sustained by Page and jointly and severally liable to him. The former opinion filed herein is modified to this extent, viz.: The court below is directed to vacate that part of the judgment making the Valley Abstract Company primarily liable, and Holmes & Hibbard secondarily liable, and to enter judgment in favor of J. M. Page for the amount found due and against the defendants below, the Valley Abstract Company and Holmes & Hibbard, jointly and severally. With such modifications, the judgment appealed from is affirmed, and the petition for rehearing denied.

By the Court: It is so ordered.