## McLAIN v. ARNOLD et al.

No. 8558—Opinion Filed June 25, 1918.

Rehearing Denied Aug. 27, 1918.

(174 Pac. 563.)

1. **Sheriffs and Constables—Liability on Bond—Wrongful Act of Deputy.**

A sheriff and his bondsmen are not answerable for the wrongful acts of his deputy, unless the deputy was at the time acting within the limits of his official authority.

2. **Sheriffs and Constables—Act of Deputy —Scope of Authority.**

A deputy sheriff, who flees from the person he is called upon to arrest, to a waiting room in a railway station, fires his revolver through the open door of the room, and kills a member of his own party who was standing on the platform a short distance away, is not acting within the limits of his official authority.

(Syllabus by Pope, C.)

Error from District Court, Lincoln County; Tom D. McKeown, Assigned Judge.

Action by Mrs. America F. McLain for damages for the death of her son, James E.

McLain, against George E. Arnold and the National Surety Company. Judgment for the defendants, and plaintiff brings error. Affirmed.

Erwin & Erwin, for plaintiff in error.

Streeter Speakman, N. B. Maxey, and Kelly Brown, for defendants in error.

Opinion by POPE, C. On the afternoon of the 24th day of July, 1915, a negro by the name of Kid Henderson robbed another negro of a revolver. This crime was reported to one L. H. Mitchell, a deputy sheriff at Wellston, Okla., who called together a posse of four other men and proceeded to the Frisco depot at Wellston for the purpose of finding and arresting Henderson. When they reached the depot, Henderson was there, and one of the posse who knew Henderson engaged the latter in conversation and signaled to Mitchell that Henderson was the man wanted. Instead of attempting to arrest Henderson, Mitchell walked by him fumbling at his trouser pocket in which he had a revolver; some one called out that Henderson was going to shoot, and the terror-stricken officer made a mad dash back to the depot into the negro waiting room, drew his revolver, reached around one of his friends who had followed him into the room, fired through the open door of the waiting room, and killed James E. McLain, a member of his own party, who was standing on the platform of the depot. For this killing by the deputy sheriff, the mother of the deceased brought this action against the sheriff and his bondsmen. The jury returned a verdict for the defendants, and from the judgment in their favor the plaintiff prosecutes error.

Numerous assignments of error are urged by plaintiff in error; but we are of the opinion that it is only necessary to determine one question in this case, and that is whether or not the sheriff is liable for the wrongful acts of his deputy, unless the latter was at the time acting within the limits of his official authority. Unless we are to commit ourselves to the position that the sheriff is liable if a deputy appointed by him turns out to be a coward, we are unable to see wherein the facts in this case show any fault of the sheriff or any acts of the deputy imposing a legal liability on the sheriff or his bondsmen. This court, acting in harmony with the courts of other states, holds that the sheriff is not liable for the wrongful acts of his deputy unless the deputy was at the time acting within the limits of his official authority. Inman v. Sherrill et al., 29 Okla. 100, 116 Pac. 426; Jordan v. Neer, 34 Okla. 400, 125 Pac. 1117. And the mere fact that an officer was on an official mission at the time of the perpetration of an illegal act is not the test to determine whether the act was within his official authority. Jordan v. Neer, supra.

In the case at bar there is no doubt that the deputy went to the depot on an official mission, and there is no doubt that, at the time the fatal shot was fired, the fright-crazed officer had abandoned all thought of arresting Henderson, and was only concerned with his own safety; when the fatal shot was fired, he had already fled from the way of duty. While the killing of McLain was regrettable and entirely unjustifiable, this fact alone does not furnish legal authority to hold the sheriff and his bondsmen liable for his death.

Since we are of the opinion that the facts disclose no legal liability on the part of the defendant in error, all the assigned errors going to the instructions and proceedings of the trial court present moot questions only, and will not be here considered.

Judgment of the trial court is affirmed.

By the Court: It is so ordered.