**Jimmy Luke STARNS and William M. Nicholson, Petitioners,**

v.

**The DISTRICT COURT OF OKLAHOMA COUNTY, State of Oklahoma, and Honorable Glen O. Morris, the Judge thereof, Respondents.**

No. 39462.

Supreme Court of Oklahoma.

Nov. 28, 1962.

Bishop & Bishop, Seminole, for petitioners.

Hyde & Freeman, Oklahoma City, for respondents.

HALLEY, Justice.

This is an original proceeding in this Court wherein the petitioners, Jimmy Luke Starns and William M. Nicholson, seek a writ prohibiting the District Court of Oklahoma County, State of Oklahoma, and Glen O. Morris, the judge thereof, from proceeding further in an action, pending in said court, in which Charles E. Grounds is plaintiff and these petitioners together with the United States Fidelity and Guaranty Company are defendants, because of lack of jurisdiction due to venue.

The facts in this case are not in dispute and the case involves only a question of

law. Charles E. Grounds, as plaintiff, filed his action in the District Court of Oklahoma County alleging that he was injured as the result of an assault in Seminole County by Jimmy Luke Starns who was at the time allegedly acting in his legal capacity as deputy sheriff of Seminole County, Oklahoma, that William M. Nicholson was the duly elected sheriff of Seminole County, and that United States Fidelity and Guaranty Company had made and executed the bonds for both Starns and Nicholson. Summons was served upon United States Fidelity and Guaranty Company in Oklahoma County and at plaintiff's request summons was issued to Seminole County where Starns and Nicholson were served. (United States Fidelity and Guaranty Company is not a party to this proceeding seeking writ of prohibition and no further reference will be made to it except as needed for clarity in this opinion.) Starns and Nicholson filed separate motions, each designated as a special appearance and denial of jurisdiction wherein they stated that the District Court of Oklahoma County has no venue or jurisdiction over their persons or the subject matter of the action because plaintiff's petition showed that the cause of action arose in Seminole County, Oklahoma. The motions were overruled to which ruling they each excepted and exceptions were allowed. Each of the two defendants filed general demurrers which were overruled and they have filed the present proceeding.

A brief has been filed by the attorneys who represented Charles E. Grounds in the trial court to contest the issuance of a writ of prohibition. Such brief will be referred to as brief for respondents.

We will assume for the purpose of this opinion several things without deciding them in order that we may reach the point of law at issue. First, it may be that a sheriff and his bondsman, as well as the sheriff's deputy himself, are answerable for the wrongful acts of the sheriff's deputy when the latter is acting within the limits of his official authority. See McLain v. Arnold, 73 Okl. 52, 174 P. 563. Second, it may be that a sheriff, his deputy and their bondsman are jointly liable for such acts of said deputy. See McCorcle v. Morton, 171 Okl. 632, 44 P.2d 9. Third, it may be that the action in the lower court was rightly brought as against United States Fidelity and Guaranty Company in Oklahoma County by reason of the provisions of 36 O.S.Supp.1957 § 4902, which provides that any surety insurer may be sued, in respect of any surety bond by it issued, in the county where principal office of such insurer in this State is located, which in this instance is Oklahoma County.

Based on these assumptions, respondents contend that the provisions of 12 O.S.1961 § 154 gave the District Court of Oklahoma County venue over Starns and Nicholson who are nonresidents of Oklahoma County when they were served with summons in Seminole County, because Section 154, supra, provides:

"Where the action is rightly brought in any county, a summons shall be issued to any other county against any one or more of the defendants, at plaintiff's request."

The quoted statute is one of general application, but it does not apply to situations covered by the special statute which we have that applies to public officers and which has application in the instant case. That special statute is 12 O.S.1961 § 133, which provides in part as follows:

"Actions for the following causes must be brought in the county where the cause, or some part thereof arose:

\* \* \* \* \* \*

"Second. An action against a public officer for an act done by him in virtue, or under color, of his office, or for neglect of his official duties.

"Third. An action on the official bond or undertaking of a public officer."

We said in City of Cleveland v. Cheatham, Okl., 285 P.2d 205:

"\* \* \* But 12 O.S.1951 § 133, supra is a special statute having ex-

clusive application to the situations therein specifically enumerated. * *"

■ In speaking of this statute as it applies to a sheriff, we said in Rich v. Reynolds, Okl., 277 P.2d 985, that it confers a privilege on the officer to be sued in the county where the cause arose, which in the instant case is Seminole County. In the case of State ex rel. State Board of Education v. District Court of Bryan County, Okl., 290 P.2d 413, we traced the history of Section 133, supra, and stated that the decisions of the highest court of Kansas should be persuasive in determining its meaning. We cited the early Kansas case of Clay v. Hoysradt, 8 Kan. 74, wherein it is said that the purpose of the Kansas statute (which is worded identically to ours) is to localize suits against officers. We stated that a reason for the statute was that "it obviates the longer absences of public officers from their official place of business or duty, and the neglect or hampering of that duty which traveling to distant counties to defend litigation, with or without merit, would necessitate." The special venue statutes, especially Section 133, supra, confer a valuable and substantial right which will not be denied on a strained construction of other statutes which do not plainly and unequivocally manifest an intention to impair that right. Hiner v. Hugh Breeding, Inc., Okl., 355 P.2d 549; Knox v. McMillan, Okl., 272 P.2d 1040; Parker v. Remy, 202 Okl. 400, 214 P.2d 243. Neither 36 O.S.Supp.1957 § 4902 nor 12 O.S. 1961 § 154 plainly manifest an intention to impair this right of Starns and Nicholson to be sued in the county where the cause arose.

■ Respondents also contend that because Starns and Nicholson filed general demurrers they waived their right to complain about venue and cite Valley Abstract Co. v. Page, 42 Okl. 365, 141 P. 416.

That case is not in point because there is no mention in it that defendants filed an objection to venue as was done in the instant case. We are controlled in this regard by our holding in the fifth paragraph of the syllabus of Allen v. Ramsey, 170 Okl. 430, 41 P.2d 658, 97 A.L.R. 1259:

"Where a timely motion is filed by a nonresident defendant challenging the jurisdiction of the court and he subsequently answers for the purpose of defending the suit filed against him, and asks for no affirmative relief in his answer, his defending the suit is merely under protest and does not prejudice his protest of the lack of jurisdiction of the court."

The nature of a demurrer is essentially defensive and should not be held to constitute a request for affirmative relief where the pleadings as a whole reveal an intent to preserve the objections to venue. Bingham v. Williams, Okl., 264 P.2d 751.

In the case at bar Starns and Nicholson did not waive the privilege or right granted by Section 133, supra, to be sued in Seminole County, because they made timely objection to the trial court's venue which objection was overruled and they were allowed exceptions. We said in City of Cleveland v. Cheatham, supra, that when a trial court attempts to exercise venue which it has not obtained over the defendants because of the provisions of Section 133, supra, two courses are open to them for protection. They may, after saving their exceptions, await final judgment and appeal; or they may apply to this Court for relief by writ of prohibition.

■ The two petitioners in the instant case have chosen the latter course which is a proper remedy to prevent the District Court of Oklahoma County and the judge thereof, respondents herein, from proceeding further against Starns and Nicholson because venue as to them is in another county. Atchison, Topeka & Santa Fe Ry. Co. v. Superior Court, Okl., 368 P.2d 475.

The writ is granted and is hereby ordered issued.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and JACKSON, IRWIN and BERRY, JJ., concur.