## TOM LUDLAM v. STATE.

No. A-4769.   Opinion Filed March 24, 1925.
(234 Pac. 778.)

(Syllabus.)

1.   **Trial—When Remarks by Trial Prejudicial.** A remark by the trial judge is ground for a reversal, if, considered as a statement, it indicates to the jury the opinion of the judge upon a fact prejudicial to the defendant.

2.   **Trial—Improper Argument—Comment on Facts not in Evidence —Error Intensified by Approval of Judge.** It is highly improper for the prosecuting attorney in his argument to comment upon facts not in evidence as true, and the approval of the trial court intensifies the effect of such improper remarks.

Appeal from County Court, Le Flore County; D. C. McCurtain, Judge.

Tom Ludlam was convicted of pointing a gun at another and he appeals. Reversed.

Neal & Neal, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J.   The information in this case charges that in Le Flore county, on or about the 15th day of February, 1923, Tom Ludlam "did then and there willfully, wrongfully, and unlawfully point a deadly weapon, to wit, a long-barrel gun, the exact kind and description of which is unknown to the county attorney, at J. M. Wilkerson, contrary to," etc. On the trial the jury returned a verdict, finding defendant guilty as charged in the Information and fixing his punishment at imprisonment in the county

jail for three months and a fine of $250. He has appealed from the judgment rendered on the verdict.

The sole witness for the state, J. M. Wilkerson, testified:

"I live here in Poteau. I was deputy sheriff. The defendant, Tom Ludlam, lives right down on the divide. I was called down where he lives by the dip inspector. I dipped this defendant's cattle, and drove them to Muse, and lotted them in Mr. Brown's lot. About 12:30 at night the defendant came down there and told Mr. Brown he wanted his cattle. Mr. Brown said, 'I will go and wake the sheriff up;' then came in and woke me up. I went out on the porch, and told Mr. Ludlam to pay the expense for the dipping; then he could take them back with him. He had a Winchester, or shotgun, I could not tell which. I turned and went back into the house, and he went and turned the cattle out."

He was then asked:

"Q. Was the gun pointed at you? A. Yes, sir."

The state rested, and the defendant moved for a directed verdict in the form of a demurrer to the evidence, which was overruled. Exception reserved.

On the part of the defense the county clerk was sworn, and produced records showing who were the duly appointed and qualified deputy sheriffs of Le Flore county on the 15th day of February, 1923, which list did not include the name of the prosecuting witness. The defendant then offered to prove by this witness:

"That no such man as J. M. Wilkerson has ever been authorized as a deputy sheriff, or appointed with the consent and the approval of the county commissioners of Le Flore county.

"By the Court: Refused, for the reason that under the law the sheriff may appoint fee deputies without the concurrence or approval of said county commissioners, or any previous authorization of said appointment; the only

requirement being that said fee deputies enter into bond to the sheriff. (Exceptions reserved.)"

During his argument to the jury the county attorney was allowed by the court, over the objections of the defendant, to use the following argument:

"J. M. Wilkerson, when he seized this property, was a deputy sheriff, covered with the authority of the people of Le Flore county, and stood in this position with all the people of this county, and this defendant was more derelict than otherwise on account of the fact that he took and pointed a gun at the said Wilkerson, for the purpose of taking from him the property lawfully held by Wilkerson."

Under the statute, on the refusal or failure of the owner to dip cattle believed to be affected or infected with a contagious or infectious disease, the sheriff, upon complaint made to him, may take such cattle into custody, subject to quarantine regulations, until he shall receive orders from the live stock inspector to return the cattle to the owner, and before such cattle shall be returned there shall be paid to the sheriff all costs and expenses of taking, holding, or disinfecting. Sections 3682 and 3683, Comp. Stats. 1921.

Conceding that said sections are constitutional (Stine v. Lewis, 33 Okla. 609, 127 P. 396), however, the owners of such cattle cannot be deprived of their title, nor the right of possession, by proceedings which did not give them opportunity to have their rights adjudged, and of which proceeding they had no notice, and to which they were not partes. Crane v. State, 5 Okla. Cr. 560, 115 P. 622. In this country there is no royal road to the condemnation or confiscation of the man's property, irrespective of his interest and his right to be heard; here the law proceeds upon inquiry, hears before it condemns, and renders judgment only after trial.

The defendant was entitled as a right to have the

question of his guilt determined solely upon competent evidence placed before the jury. There was no evidence offered tending to show a previous complaint to the sheriff, or that the sheriff ordered or directed the prosecuting witness to take the defendant's cattle into custody. The remarks of the court in rejecting evidence offered to show that the prosecuting witness had never been appointed or authorized as a deputy sheriff were improper as misstating the law. Section 5895.

In Jordan v. Neer, 34 Okla. 400, 125 Pac. 1117, it was held that:

"To constitute color of office, such as will render an officer's sureties liable for his wrongful acts, something else must be shown besides the fact that in doing the act complained of the officer claimed to be acting in an official capacity."

It is hardly necessary to say that the remarks of the county attorney were, under the evidence in the case, wholly unauthorized and highly improper, and that the overruling by the court of the defendant's objections thereto was error prejudicial to the substantial rights of the defendant. There was, as we have seen, no evidence to warrant the facts stated by the county attorney, and yet the court by its rulings told the jury that both the statement of facts and the deduction made by the county attorney therefrom were proper matters for this consideration.

For the reasons stated, we think the defendant has not had a fair and impartial trial. The judgment of the lower court is accordingly reversed.

BESSEY, P. J., concurs.

EDWARDS, J., absent.