## INMAN v. SHERRILL et al.

No. 817. Opinion Filed May 9, 1911.

Rehearing Denied June 27, 1911.

(116 Pac. 426.)

1.     OFFICERS—Liability on Official Bond. Where an officer, while doing 'an act within the limits of his official authority, exercises such authority improperly, or exceeds his official powers, or abuses an official discretion vested in him, he becomes liable on his official bond to the person injured. But where he acts without any process and without the authority of his office, in doing such act, he is not to be considered an officer, but a personal trespasser.

2.     SHERIFFS AND CONSTABLES—Liability on Official Bond— Misconduct. Sureties on the official bond of a constable are only answerable for the acts of their principal while engaged in the performance of some duty imposed upon him by law or for an omission to perform some such duty.

3.    **COURTS—"Stare Decisis."**   Where a series of decisions of a
court of last resort have been accepted and acted upon as the
proper interpretation of the law for a long time, courts are slow
to interfere with principles announced in the former decisions,
and often uphold them even though they would decide otherwise
were the question a new one.

(Syllabus by the Court.)

*Error from District Court, Okmulgee County; John Caruthers,*
*Judge.*

Action by James Charles Inman against Elisha Sherrill and
others.   Judgment for defendants, and plaintiff brings error.
Affirmed.

*Stanford & Cochran,* for plaintiff in error.

*Eaton & Carter* and *Owen & Stone,* for defendants in error.

KANE, J.    This was an action commenced by the plain-
tiff in error, plaintiff below, against the defendants in error,·
defendants below.   The petition alleges, in substance, that the
defendant Sherrill is a constable for and in Okmulgee township,
Okmulgee county, and the defendants J. T. McCracken and Lin
Alexander are sureties upon his official bond, which bond was
in the sum of $1,000.   The plaintiff claimed damages on ac-
count of an injury inflicted upon him by the defendant Sherrill.
The sureties and the principal separately demurred to plaintiff's
evidence, which demurrers were by the court overruled, where-
upon the defendants undertook to produce evidence to show that
the constable was acting under the writ, all of which was ob-
jected to by attorneys for the plaintiff in so far as the evidence
offered tended to prove the writ; thereupon counsel for the de-
fendants moved to strike all the evidence introduced upon be-
half of defendants, which motion was by the court sustained,
whereupon they renewed their separate demurrers to the evi-
dence, which demurrers were sustained.   To reverse the order
of the court sustaining defendants' demurrers to the evidence,
this proceeding in error was commenced.

The demurrers to the evidence were sustained upon the
ground that the plaintiff did not show that the officer was acting

under legal process or that there was cause for arrest without warrant, but proved merely a naked trespass, for which no action upon the bond will lie. This proposition of law seems to have been decided by the Supreme Court of the territory of Oklahoma in accordance with the ruling of the court below in at least two cases. *Dysart et al. v. Lurty et al.,* 3 Okla. 601, 41 Pac. 724; *Lowe et al. v. City of Guthrie,* 4 Okla. 287, 44 Pac. 198. *Dysart et al. v. Lurty et, al., supra,* was an action to recover damages upon the official bond of the United States Marshal for Oklahoma. It was held that "where an officer, while doing an act within the limits of his official authority, exercises such authority improperly, or exceeds his official powers, or abuses an official discretion vested in him, he becomes liable on his official bond to the person injured. But, where he acts without any process and without the authority of his office in doing such act, he is not to be considered an officer, but a personal trespasser." *Lowe et al. v. City of Guthrie, supra,* was an action by the city of Guthrie against E. G. Millikan, clerk of said city, and the sureties on his official bond, to recover for moneys collected by said Millikan during his term of office as clerk. It was held that "sureties on official bonds are liable only for acts of the principal done *virtute officii,* and not for acts done *colore officii.*"

Counsel for plaintiff in error in their brief admit that *Dysart v. Lurty, supra,* is against them, but contend that it is by no means a recent case, and that, whilst it might have been said at the time of its rendition that it was sustained by the weight of authority, of late years the courts have been swinging away from the old rule. Judging from the briefs of counsel for the respective parties, we would say that the authorities are pretty evenly divided; but, even if the preponderance was slightly in favor of the contention of plaintiff in error, we would not feel disposed to upset a doctrine that has been so long established in this jurisdiction by two well-considered opinions. The doctrine of *stare decisis* owes its origin and observance to the recognition of the necessity for stability and uniformity in the construction and in-

terpretation of the law. Where a series of decisions of a court of last resort have been accepted and acted upon as the proper interpretation of the law for a long time, courts are slow to interfere with principles announced in the former decisions, and often uphold them, even though they would decide otherwise were the question a new one. 26 Am. & Eng. Enc. of Law, p. 160.

Another decision in harmony with the rule laid down, *supra,* is *Chandler v. Rutherford,* 101 Fed. 774, 43 C. C. A. 218, decided by the Circuit Court of Appeals, Eighth Circuit, whose opinions prior to statehood were binding upon the courts of the Indian Territory, and have always been given great weight in this jurisdiction. In that case the assistant United States Attorney informed one Dave Adams, a deputy marshal, that there was reasonable ground to believe that Flave Carver had stolen a horse, and it was believed that Flave Carver was in the vicinity of Muskogee. Adams and others went to arrest Carver. Coming upon him on the streets of Muskogee, they fired upon and wounded him, after twice calling to him to stop, and without further proclamation of their character. In the action for damages against the marshal and his bondsmen, speaking of the question now under consideration, Judge Taylor, who delivered the opinion of the court, said:

"To constitute color of office such as will render an officer's sureties liable for his wrongful acts, something else must be shown besides the fact that in doing the act complained of the officer claimed to be acting in an official capacity. If he is armed with no writ, or if the writ under which he acts is utterly void, and if there is at the time no statute which authorizes the act to be done without process, then there is no such color of office as will enable him to impose a liability upon the sureties in his official bond."

The judgment of the court below is affirmed.

All the Justices concur.