## JORDAN et al. v. NEER.

No. 1672. Opinion Filed May 14, 1912.

Rehearing Denied August 20, 1912.

(125 Pac. 1117.)

1. SHERIFFS AND CONSTABLES—Official Bond—Surety's Liability. Sureties on the official bond of a sheriff are only answerable for the acts of their principal while engaged in the performance of some duty imposed upon him by law, or for an omission to perform such duty.

2. SAME—Color of Office. To constitute color of office, such as will render an officer's sureties liable for his wrongful acts, something else must be shown besides the fact that in doing the act complained of the officer claimed to be acting in an official capacity. If he is armed with no writ, or if the writ under which he acts is utterly void, and if there is at the time no statute which authorized the act to be done without process, then there is no such color of office as will enable him to impose a liability upon the sureties on his official bond.

3. SAME—Misconduct of Deputies—Sheriff's Liability. Where plaintiff's husband was shot and killed by deputy sheriffs, and the shooting was not justifiable under the circumstances, but constituted a trespass for which the deputies would be answerable in damages, the sheriff would also be liable as an individual participant in the affair, if he was present, aiding, assisting, abetting, or encouraging.

(Syllabus by Brewer, C.)

*Error from District Court, Washington County;*
*Preslie B. Cole, Assigned Judge.*

Action by Pauline Neer against John D. Jordan, R. S. Duke, John C. Vann, A. C. Cunningham, Frank Bucher, H. D. Lannom, A. C. Ward, A. J. Sturm, D. H. Behring, and W. L. Norton. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

*John E. Palmer, J. R. Charlton,* and *Montgomery & O'Meara,* for plaintiffs in error.

*Chas. W. Pennel* and *F. J. Oyler,* for defendant in error.

Opinion by BREWER, C. This is a suit against the sheriff of Washington county, two of his deputies, and the sureties on his official bond. It was brought by Pauline Neer, as widow of John Neer, deceased, to recover for the alleged wrongful death of her husband at the hands of the sheriff, John D. Jordan, and his deputies, R. S. Duke and John C. Vann. It was tried in the district court of Washington county on September 27, 1909, and resulted in a verdict and judgment of $2,500 against all of the defendants, except one of the bondsmen, for whom the court directed a verdict.

The portion of the petition intended to show liability upon the part of the defendants, including the sureties on the official bond, is as follows:

"Plaintiff further states that on the 20th day of January, 1909, at about 11 o'clock p. m. of said date, the deceased, John Neer, was legally, lawfully, and peaceably traveling along and on the public highway on West Third street, in Bartlesville, Washington county, Oklahoma, and at a point on said West Third street just beyond Ione avenue, in said city aforesaid; that the defendants, John D. Jordan, John C. Vann, and R. S. Duke, did, while making a raid on the joints in said West Bartlesville, Oklahoma, and while on duty and acting in their official capacity as sheriff, deputy sheriff, and undersheriff of said county and state, together and acting in concert, wantonly, willfully, carelessly, negligently, recklessly, unlawfully, and maliciously fire off and discharge their revolvers, which were then and there loaded with powder and leaden balls, at and into the back and body of him, the said John Neer, and from the effects of said wounds

thus received he, the said John Neer, then and there died; and that the said John Neer did not in any manner whatsoever contribute to said injury aforesaid."

The defendant Jordan answered by general denial; and, further, that he had nothing to do, or connection with, the killing; and that if Duke and Vann, or either of them, did in fact do the killing, that it was done in self-defense. Duke and Vann answered, admitting that they were present and participated in the shooting melee during which Neer lost his life, but that they and each of them acted only in his necessary self-defense.

The sureties on the bond denied liability, and set up the special defense of an alteration of the instrument, through the striking out of the name of one bondsman and substituting that of another person, after the bond had been approved and filed.

At the beginning of the trial, the defendants objected, each for himself, and the bondsmen for themselves, to the introduction of any evidence under the petition. At the close of plaintiff's evidence, the defendants, each for himself, and the bondsmen for themselves, demurred to the evidence and moved for an instructed verdict. These being overruled and exceptions saved, the defendants introduced their testimony.

A number of questions are urged; but, as we view the case after a careful study of the pleading and the evidence, it is unnecessary to review all of them.

At the close of all the evidence, the following instruction was asked by the sheriff and refused by the court:

"There can be no recovery against John D. Jordan in this case for any shooting done by Duke or Vann, unless you believe from the evidence that the said Jordan was present, aiding, abetting, or assisting the said Duke or Vann."

Also, in the interest of the bondsmen, the following instruction was requested and refused:

"There can be no recovery against the sheriff or his bondsmen for any act of either Vann or Duke, because there is no evidence tending to show that any act done by the defendants Vann or Duke was required by their office as deputy sheriff, or was done by virtue of said office."

The first instruction should have been given under the evidence in this case; and the second should have been given, in so far as it related to the bondsmen.

The plaintiff seems to have been careful, both in the pleading and in the evidence, to show that at the time of the difficulty in which Neer lost his life both Neer and his companions were proceeding quietly along the highway in the peace of the state, and violating no law, and that the officers had no warrant for their arrest, and that they were not committing a misdemeanor in the presence of the officers which would justify or authorize an arrest. If this is true, the two deputies, in halting or accosting the young men, could not have been in the exercise of any authority conferred on them by law, or necessary or proper to be done under authority of their office. If plaintiff's evidence is true, the deputies Duke and Vann were naked trespassers. If the defendants' evidence is true, Duke and Vann in a civil manner asked the young men to "stop" or "hold on a minute," and were answered by shots from the revolvers of the young men, which they returned in their necessary self-defense. Under none of the proof were the bondsmen liable, because nothing done by the deputies was done by virtue of their office; and, not being so done, their act, if wrongful, was not within the obligation of the bond, under a number of decisions of this court, in which this rule is announced and adhered to under the doctrine of *stare decisis*.

In the recent case of *Inman v. Sherill et al.*, 29 Okla. 100, 116 Pac. 426, the authorities in this jurisdiction are collected and reviewed. In that case suit was brought against a constable and his bond for an alleged injury inflicted on plaintiff by the constable. The trial court sustained a demurrer to the evidence, and the cause was appealed to this court, in reviewing which the court say:

"The demurrers to the evidence were sustained, on the ground that the plaintiff did not show that the officer was acting under legal process, or that there was cause for arrest without warrant, but proved merely a naked trespass, for which no action upon the bond will lie."

In that case the court referred to the cases of *Dysert et al. v. Lurty et al.*, 3 Okla. 601, 41 Pac. 724, *Lowe et al. v. City of Guthrie*, 4 Okla. 287, 44 Pac. 198, decided by the Oklahoma Territorial Supreme Court, also to the case of *Chandler v. Rutherford*, 101 Fed. 774, 43 C. C. A. 218, decided by the Circuit Court of Appeals, Eighth Circuit, and quoted with approval the rule announced therein, as follows:

"To constitute color of office, such as will render an officer's sureties liable for his wrongful acts, something else must be shown besides the fact that in doing the act complained of the officer claimed to be acting in an official capacity. If he is armed with no writ, or if the writ under which he acts is utterly void, and if there is at the time no statute which authorizes the act to be done without process, then there is no such color of office as will enable him to impose a liability upon the sureties in his official bond."

Therefore the court should have instructed the jury to return a verdict in favor of the bondsmen.

The court should also have given, in effect, the instruction asked by the sheriff. As to him, there was a question for the jury. There was no proof of liability upon his part because of the official relation between him and the deputies; but there is some proof, however slight, that, if the deputies were in fact in the wrong and committing a trespass, tended to associate or connect the sheriff with the difficulty. In other words, if the shooting by the deputies was not justifiable under the circumstances, but was a trespass for which they are answerable in damages, and the sheriff was present, "aiding, assisting, abetting or encouraging" the commission of the wrongful act, then he would be liable as an individual participant therein. Upon a new trial, if the evidence should justify it, such instruction should be given.

The views herein expressed eliminate the necessity of passing upon a number of other interesting questions, as they grew out of the question of the liability of the bond, and will not arise in a retrial of the case.

The cause should be reversed and remanded, to be proceeded with in accordance herewith.

By the Court: It is so ordered.