## TAYLOR v. MORGAN *et al.*

No. 3664.   Opinion Filed June 16, 1914.

(141 Pac. 679.)

1.   MUNICIPAL CORPORATIONS—Town Marshal—Illegal Arrest—Liability on Bond. · Where an officer, while doing an act within the limits of his official authority, exercises such authority improperly, or exceeds his official powers, or abuses an official discretion vested in him, he becomes liable on his official bond to the person injured. But, where he acts without any process and without the authority of his office, in doing such act, he is not to be considered an officer, but a personal trespasser.

2.   SAME—Liability on Bond. Sureties on the official bond of a town marshal are only answerable for the acts of their principal while engaged in the performance of some duty imposed upon him by law or for an omission to perform some such duty.

(Syllabus by the Court.)

Error from Superior Court, Pittsburg County;
W. C. Liedtke, Judge.

Action by Charley Taylor against J. H. Morgan and others. Judgment for defendants, and plaintiff bring error. Affirmed.

*Wilkinson & Keith,* for plaintiff in error.

*Guy A. Curry* and *Fuller & Porter,* for defendants in error.

KANE, C. J.   This was an action for damages commenced by the plaintiff in error, plaintiff below, against J. H. Morgan, as town marshal of the town of Quinton, for an alleged breach of his official bond by a false arrest of the plaintiff, and J. W. Ross, H. D. Garrettson, J. P. Williams, and J. A. Nation, as sureties thereon.   At the close of plaintiff's evidence, the court sustained a demurrer thereto, and instructed the jury to return a verdict for the defendants, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

The demurrer to the evidence was sustained upon the ground that the plaintiff did not show that the officer was acting under legal process, or that there was cause for arrest without warrant, but merely established a naked trespass for which no action upon the bond will lie.   We have examined the record carefully, and are unable to distinguish the case at bar from *Dysart et al. v. Lurty et al.,* 3 Okla. 601, 41 Pac. 724; *Lowe et al. v. City of Guthrie,* 4 Okla. 287, 44 Pac. 198; *Chandler v. Rutherford,* 101 Fed. 774, 43 C. C. A. 218; *Jordan v. Neer,* 34 Okla. 400, 125 Pac. 1117; *Inman v. Sherrill,* 29 Okla. 100, 116 Pac. 426.

The foregoing cases support the doctrine that where an officer, while doing an act within the limits of his official authority, exercises such authority improperly, or exceeds his official powers, or abuses an official discretion vested in him, he becomes liable on his official bond to the person injured.   But where he acts without any process and without the authority of his office, in doing such act, he is not to be considered an officer, but a personal trespasser.   Sureties on the official bond of a town marshal are only answerable for the acts of their principal while engaged in the performance of some duty imposed upon him by law or for an omission to perform some such duty.

Upon the authority of said cases, the judgment of the court below must be affirmed.

All the Justices concur.