(January 3, 1916.)

## MICHAEL G. DIETRICH, Appellant, v. COPELAND LUMBER COMPANY, a Corporation, et al., Respondents.

[154 Pac. 626.]

FOREIGN CORPORATION—COMPLIANCE WITH CONSTITUTION AND STATUTES OF IDAHO—DEMURRER—STATUTE OF LIMITATIONS—STATUTORY LIABILITY—ULTRA VIRES—ESTOPPEL.

1. Where an action is brought on promissory notes executed by a foreign corporation which has not complied with the laws of this state in regard to filing its articles of incorporation and designating an agent upon whom service of process may be had, and it is sought to hold the president and secretary of such corporation personally liable under the provisions of sec. 2792, Rev. Codes, the action must be brought within three years, or the action is barred by the provisions of subd. 1 of sec. 4054, Rev. Codes.

[As to power of state to prescribe mode of service of process upon foreign corporations, see note in 85 Am. St. 926.]

2. Under the provisions of sec. 2792, Rev. Codes, all officers, agents and representatives of a foreign corporation or persons claiming to be officers or agents of the same, who make or attempt to make any contract or agreement, or contract any indebtedness in the name of such corporation, or for its use and benefit, before such corporation has complied with the laws of this state, shall be, jointly and severally, personally liable upon and for all such contracts and agreements as principal contractors.

3. *Held,* that the liability sought to be imposed by this action on the defendants is a statutory liability, and was barred by the statute of limitations at the time this action was brought.

4. Participation by a director or officer of a corporation in the proceedings of the corporation and assistance in making contracts *ultra vires,* or contrary to law, estops such officer from recovering against his codirectors or officers personally on notes and accounts of the company which he has bought up.

5. *Held,* under the facts of this case that the plaintiff cannot recover in this action.

APPEAL from the District Court of the Eighth Judicial District for Bonner County. Hon. John M. Flynn, Judge.

Action to recover on certain promissory notes executed by a corporation. Judgment for defendants. *Affirmed.*

G. A. Buhrow and G. H. Martin, for Appellant.

Clark and Marshall on Private Corporations, vol. 3, p. 2672, lays down the rule that when a statute imposes a personal liability upon the officers of a corporation for its debts, which is penal in its nature, that the statute commences to run as soon as the act is committed, giving rise to the liability. Where the liability imposed, however, is contractual or *quasi*-contractual, it will be governed by the laws and statutes of limitations relating to actions on contracts to enforce a liability created by statute. The statute begins to run against the creditors on such statute from the maturity of his debt and not from the time it is created, that is, from the maturity of the note and not from its date. (*Woolverton v. Taylor,* 132 Ill. 197, 22 Am. St. 521, 23 N. E. 1007; *Morgan v. Hedstrom,* 164 N. Y. 224, 58 N. E. 26.)

Where, either by statute or charter, the stockholders of a corporation assume a primary liability to creditors of the corporation, the action accrues at the maturity of the debt of the corporation. (*Schalucky v. Field,* 124 Ill. 617, 7 Am. St. 399, 16 N. E. 904; *Jones v. Harris,* 90 Ark. 51, 117 S. W. 1077; *Parker v. Carolina Sav. Bank,* 53 S. C. 583, 69 Am. St. 888, 31 S. E. 673; *Fuller v. Ledden,* 87 Ill. 310.)

Sec. 2792 is not a penal statute, and the liability imposed thereunder is strictly contractual. (*Miller & Lux v. Katz,* 10 Cal. App. 576, 102 Pac. 946; *Kirtley v. Holmes,* 107 Fed. 1,

46 C. C. A. 102, 52 L. R. A. 738; *Whitman v. National Bank,* 176 U. S. 559, 20 Sup. Ct. 477, 44 L. ed. 587.)

Our legislature has not left it to judicial construction to declare that defendants' liability is contractual, but the statute specifically provides that it shall be contractual, and that instead of being sureties or guarantors they are principal contractors or makers.    (*Sturges v. Burton,* 8 Ohio St. 215, 72 Am. Dec. 582.)

Herman H. Taylor, for Respondents.

While sec. 2792 makes an officer of a noncomplying company assuming to act for it "personally liable upon and for all such contracts and agreements as principal contractor," this is, nevertheless, a liability created by statute. (*Kennedy v. California Sav. Bank,* 97 Cal. 93, 33 Am. St. 163, 31 Pac. 846.)

"Individual liability is always a creature of statute. It did not exist at common law." (*Terry v. Little,* 101 U. S. 216, 25 L. ed. 864; *Green v. Beckman,* 59 Cal. 545, 548.)

This must be equally true of the present case—liability created by sec. 2792, which did not exist before or independent of the statute. (*Hunt v. Ward,* 99 Cal. 612, 37 Am. St. 87, 34 Pac. 335; *Bank of San Luis Obispo v. Pacific Coast Steamship Co.,* 103 Cal. 594, 37 Pac. 499; *Moore v. Boyd,* 74 Cal. 167, 15 Pac. 670.)

A very similar case and statute is construed in *Dart v. Hughes,* 49 Colo. 465, 109 Pac. 952, except that the recovery is there held to be a penalty. *Hazelton v. Porter,* 17 Colo. App. 1, 67 Pac. 170, cited in the above case, is also very instructive.

"Whatever may be said of the penal nature of these statutes, the cases are coming more and more to the proposition that they are not penal in the strict and proper sense applied to statutes imposing punishment for offenses against the state." (Thompson on Corporations, 2d ed., secs. 1326, 1327.)

Participation as a member or director, officer or agent in the proceedings of a corporation, and assisting in making contracts as such, estops such officer from attempting to re-

cover against his codirectors or officers personally on notes and accounts of the company which he has bought up.   (*Coleman v. Coleman,* 78 Ind. 344; *Ward v. Brigham,* 127 Mass. 24; *Rogers v. Bonnett,* 2 Okl. 553, 37 Pac. 1078, and cases therein cited.)

SULLIVAN, C. J.—This action was brought to recover judgment on thirteen certain promissory notes executed by the Copeland Lumber Company, a corporation, upon four causes of action.   The defendants D. H. Chisholm and Isabella Chisholm, his wife, were joined as defendants, and the plaintiff sought to enforce against them the statutory liability provided by sec. 2792, Rev. Codes, on the ground that they had acted as officers, president and secretary, of said corporation, in the execution of said notes, which corporation being a Washington corporation, had not complied with the laws of the state of Idaho in regard to filing its articles of incorporation and designating an agent upon whom service of process might be had in this state.

Separate demurrers were interposed to the complaint by the Chisholms upon the ground that the causes of action were all barred under subd. 1 of sec. 4054, Rev. Codes, and for other reasons.   The court sustained said demurrers as to the first three causes of action, on the ground that each action was barred by the provisions of the statute of limitations, and overruled the demurrer as to the fourth cause of action.

D. H. and Isabella Chisholm filed separate answers to the fourth cause of action, denying each and every allegation of said complaint, and pleaded as affirmative answers the defense that said cause of action was barred by the statute of limitations, and further, that the plaintiff, Dietrich, was one of the prime movers, instigators and incorporators of the defendant Copeland Lumber Company; that he was one of the trustees of the corporation; that the place where the principal business was transacted was Spokane, Washington, and that the board of trustees met there and transacted the business of the company; that the plaintiff had been ever since the incorporation of said company and until the dissolu-

tion thereof one of the trustees and an officer, to wit, vice-president and treasurer, and was such officer and claimed to be such, and as such made an attempt to make contracts and agreements evidenced by the notes sued on in this action, on behalf of the corporation, and contracted indebtedness in the name of said corporation for its use and benefit; that he, as such prime mover, instigator and incorporator, undertook and promised that said corporation would comply with the laws of the states of Washington and Idaho, and as such trustee and officer it was his duty to do so; that the plaintiff knowingly, wilfully and unlawfully failed to have said corporation comply with the laws of the state of Idaho or to enforce compliance therewith by said corporation, as was his duty as an officer of said corporation; that he knowingly and wilfully failed to act in said matter and failed to have said corporation comply with the constitution and laws of the state of Idaho relating to foreign corporations; that he being the prime mover in the organization of said corporation, defendants had a right to and did rely upon the promise of the plaintiff in that regard; that plaintiff reported to defendants that a compliance with the laws of Idaho had been made at the time of making said agreement evidenced by said notes; that the agreement and notes sued on were the acts, agreement and notes of the corporation solely and not the acts, agreement and notes of the defendants; that said agreement and notes were made in the state of Washington and were not subject to the laws, nor under the penalties thereof, of the state of Idaho; that said promissory notes were made and executed by the plaintiff with said corporation with full knowledge of all the facts set forth in the answers, and were made long prior to November 4, 1908; that the pretended consideration for said notes was the purchase by said corporation from the plaintiff of the stock he held in said corporation; that said pretended sale and purchase of said stock was entirely void and *ultra vires;* that the plaintiff has never delivered to the corporation his stock and interest in said corporation, and the consideration for the contract has wholly failed, and the agreement is and

was void under the laws of the states of Washington and Idaho; that said corporation was dissolved in the state of Washington on February 23, 1910, for failure to pay to the state of Washington the license fees required under the law; that plaintiff is estopped and in equity should be estopped from maintaining this action, from enforcing and attempting to enforce any right under said contract, or promissory notes, or collecting any portion thereof; that on December 18, 1911, plaintiff took possession of the personal property of the defendant corporation and sold and disposed of the same and received therefor $1,000 and has pretended to set off $873 of said sum against other indebtedness of said corporation to him, the plaintiff, which was barred by the statute of limitations; that defendant D. H. Chisholm never owned to exceed 2,000 shares of the stock of said corporation at the par value of one dollar each, and that the defendant Isabella Chisholm never owned to exceed 1,500 shares of the stock of said corporation.

Before the trial the defendant Isabella Chisholm died and her codefendant, D. H. Chisholm, was appointed administrator of her estate and was substituted as one of the defendants. During the trial considerable oral and documentary evidence was introduced by both the plaintiff and defendants.

At the close of the testimony, the plaintiff moved for a dismissal of said action as against the Copeland Lumber Company and said motion was granted. Thereafter plaintiff and defendants having closed and rested their case, motion was made by counsel for defendants for a directed verdict, which motion was granted by the court and the jury thereafter rendered a verdict in favor of the defendants and judgment was entered on said verdict. The appeal is from the judgment.

Three errors are assigned. The first is that the court erred in sustaining defendants' demurrers to the first three causes of action; second, the court erred in directing a verdict; third, the court erred in not submitting to the jury the question as to the personal liability of the defendant D. H. Chisholm.

The order of the court sustaining the demurrers to the first, second and third causes of action was based on subd. 1 of sec. 4054, Rev. Codes, which subdivision provides that an action upon a liability created by statute other than a penalty or forfeiture shall be barred in three years.

It is contended by counsel for respondents that under the provisions of sec. 2792, Rev. Codes, which makes all officers, agents and representatives of a foreign corporation, or persons claiming to be officers or agents of the same, who shall make or attempt to make any contract or agreement, or contract any indebtedness in the name of such corporation, or for its use and benefit before such original filings are made (referring to the filing of the articles of incorporation and designation of a statutory agent with the proper officer), or while such corporation is in default upon filing a reappointment as provided in said section, shall be jointly and severally, personally liable upon and for all such contracts and agreements as principal contractors, that the liability imposed by those provisions is a statutory liability and therefore barred in three years.

This contention is clearly correct, since without the statute the liability would not attach. The liability is created by the statute. It is stated in 4 Words and Phrases, 2d series, p. 686, that "A 'statutory liability' is one that depends for its existence on the enactment of the statute and not on the contract of the parties." The liability contended for in this action is one wholly dependent for its existence on the provisions of sec. 2792, *supra*. The court therefore did not err in sustaining said demurrers, since said causes of action were based on a statutory liability and were barred by the statute of limitations at the time this action was commenced.

As to the other assignments of error, it appears from the record that the Copeland Lumber Company was incorporated in the state of Washington about December 28, 1906, to do business in both Idaho and Washington; that plaintiff Dietrich and his wife and the defendant Chisholm and his wife were the incorporators and trustees; that Dietrich looked

after the incorporation of said company and employed an attorney to prepare the articles of incorporation. It appears that Dietrich was to look after all of those matters and see that the law was properly complied with in the incorporation of said company, but he failed to have said corporation comply with the laws of the state of Idaho in regard to foreign corporations doing business in this state, and because of the failure to pay the license tax in the state of Washington, said corporation was dissolved in that state.

On the motion of plaintiff at the close of the testimony, the cause was dismissed as against said corporation, and plaintiff sought to hold the other defendants under the liability imposed on certain corporate officials by the provisions of said sec. 2792.

It must be borne in mind that the consideration given for the notes sued on in the fourth cause of action was stock of said corporation held or owned by the plaintiff Dietrich. This purchase by the corporation of its own stock amounted to a reduction of the capital stock of the company, which reduction in that manner is in violation of the statute. (Sec. 2732, Rev. Codes, as amended by Laws of 1909, p. 159.) However, the most serious objection to the right of plaintiff to recover, as we view it, and on which no doubt the trial court directed a verdict, is that the plaintiff is estopped to assert a statutory liability against his codirectors and co-officers, he himself being one of the directors and officers in fault and acting and assuming to act for the corporation and chargeable with the knowledge that the corporation had failed to comply with the laws of the state of Idaho. Participation by a director or officer of a corporation in the proceedings of the corporation and assistance in making contracts *ultra vires*, or contrary to law, estops such officer from recovering against his codirectors or officers personally on notes and accounts of the company which he has bought up.

It was stated in *Rogers v. Bonnett*, 2 Okl. 553, 37 Pac. 1078, a case that involved illegal acts or acts in violation of the statute, as follows:

"The plaintiffs, as well as the defendants, were directors in the corporation, and joined in the act forbidden by the statute, under which they had just formed the corporation in whose name they undertook to contract. . . . . It was their duty as directors to know all of the liabilities resting upon them, as well as the rights provided for them by the statute. If they did not know them otherwise, the proposition to create a liability more than four times as great as the subscribed capital stock should have caused them to halt, to inquire, and to inform themselves of the law. We believe the circumstances in this case were such as to render ignorance of the illegality inexcusable, and that, upon the present assignment of error, the plaintiffs must be left where their wrongful action has placed them."

So in the case at bar. At the time this contract was made and said notes executed, the plaintiff knew, or was charged with the knowledge, that the corporation had not complied with the laws of the state of Idaho, and that all of its acts in regard to said contract in the purchase from him of corporate stock were in violation of law and he must be left where his wrongful acts have placed him.

After a careful examination of the whole record, we are satisfied that the trial court did not err in sustaining the demurrers to the first three causes of action and in directing a verdict and entering judgment in favor of the defendants, and that plaintiff cannot recover in this action.

The judgment must therefore be affirmed, and it is so ordered, with costs in favor of respondents.

Budge and Morgan, JJ., concur.