## McCORCLE et al. v. MORTON.

No. 23775. April 23, 1935.

Wilson & Roe, for plaintiffs in error.

R. L. Christian, for defendant in error.

PER CURIAM. This action was brought in the district court by R. T. Morton for damages growing out of the wrongful levy of a writ of execution by J. D. McCorcle, sheriff of Tillman county, Okla. The writ was directed against J. E. Vehmeyer, by virtue of a judgment obtained against him in favor of C. L. Smart and W. C. Johnson. At the time of the levy, which was about to be made on growing wheat, the plaintiff, Morton, claimed the wheat as his property, and the sheriff, through Roy Moss, undersheriff, demanded of the execution creditors an indemnifying bond, which was given, signed by themselves, W. O. Smart, and Carl Cassidy. Plaintiff named the sheriff, J. D. McCorcle, and the surety on the sheriff's official bond, the Globe Indemnity Company, a corporation, as parties defendant, and after they entered the case, through their amended separate answers, the indemnity undertaking was set up, and both principals and sureties thereon were made defendants at their instance and request.

The law permits the sheriff, undersheriff, or deputy sheriff to decline to levy on goods and chattels the ownership of which is claimed by a third party. The officer has the privilege, however, of demanding an undertaking to indemnify him against damage in the event he elects to levy. C. O. S. 1921, sec. 699 (O. S. 1931, sec. 446).

When this wheat was claimed by Morton, the undersheriff declined to make levy thereon unless the judgment creditors furnished him with a satisfactory indemnity bond. This they did. Thereupon he made the levy and took possession of the wheat.

The salient facts are not in dispute in this appeal. It is apparent from the evidence that the property levied on, 623 bushels of wheat, was Morton's property, and was not subject to the payment of the Vehmeyer judgment; that the sheriff kept Morton out of the use and possession of his property from June 27, 1928, until April 21. 1930, and retained official possession and control thereover during the entire period. The evidence fairly proves the value of the wheat at the time and place of the levy, the cost of harvesting the same, expenses contingent on storage, and its value when returned to Morton.

The case was tried to a jury, which returned a verdict against the sheriff and the surety on his official bond, the Globe Indemnity Company, a corporation, for the sum of $479.13, and further found "in favor of J. D. McCorcle and Globe Indemnity Company, against C. L. Smart, W. O. Smart and Carl Cassidy, in the above sum."

This appeal is brought by the sheriff and his surety, the Globe Indemnity Company, the others not joining.

The issue is whether or not the Globe Indemnity Company, the surety on the sheriff's official bond, is jointly liable with the sheriff for the damage sustained by Morton.

It would be a very loose statute which would permit an officer to levy on the property of a stranger to his execution and retain it for an indefinite period without incurring liability, or leaving any recourse open to the property owner to recoup his damage. Armed with a perfectly good execution, an officer may proceed to make a levy and easily make an honest mistake. No judicial function is vested in the sheriff to ascertain the true ownership of property, and in a case like this one, in the absence of some personal knowledge, he is compelled to rely on information obtained from such source as may be available as to the ownership of the property intended to be taken into his official custody.

The lawmakers of Oklahoma have amply anticipated and provided against such a contingency. The officer cannot evade liability, but he may be made whole and protected against an honest and unavoidable mistake. The very purpose of such an undertaking in indemnity, running to the sheriff, is that of protection, when in a conscientious attempt to exercise his official duty, because of faulty

information or at debtor's demand, the officer makes an honest mistake. In this case, in an endeavor to perform his full duty, the officer took possession of property which belonged to a stranger. It was the official act of taking and retaining which caused the damage, and such action was purely official, as distinguished from personal.

As to the liability of the sheriff, the statute is so clear and its intent and purpose so unequivocal as to render undebatable his liability for the reasonable consequences of his official acts and those of his subordinates. If the action be without color of office, it is personal and a mere trespass, for which he or they must answer personally, as the case may be. Such acts usually are performed when the officer is not armed with due process of law, or when he acts under the belief that he has an official right, which he does not actually or lawfully possess, to perform an act sua sponte. But, when his acts are performed within the scope of official authority and damage thereby results to a stranger to the process to which the action is performed, the stranger may look also to the official bond of the officer for redress.

In this state, heretofore, no question has been raised on the liability of a sheriff's official bond in a like case. The text-books and the weight of authority in general, together with the almost irresistible conclusion reached upon a reading of Oklahoma law on the subject, are convincing that one damaged by the official action of a sheriff, as here, may look to the sureties on his official bond to make him whole. It would be an unjust law which would make the bond of the sheriff liable for the acts and omissions of the undersheriff and deputies, but yet hold it free as to the acts, default or misconduct of the sheriff himself, when acting in official capacity. O. S. 1931, secs. 7629, 7630, 7637.

The sheriff in this case demanded, obtained, and approved the sureties on the indemnity undertaking provided for him in section 446, O. S. 1931, supra, and, if he used good judgment, neither he nor the Globe Indemnity Company have any cause for complaint. If the security taken was not ample, it is unfortunate, but the defendant in error, Morton, whose property was taken, held and sold as the property of another, is in no degree responsible for that condition. He was no party to the taking of the indemnity bond, but was demanding the return of his property from the beginning. He has a right to look to the

sheriff and to his official bond for redress. He sued them. They brought forward the indemnity bond, and it was at their suggestion that the signers, both principals and sureties, were made parties defendant to the suit. This is as it should have been, as Morton was possessed of no right to recourse on the indemnity bond or its signers, and there is no privity existing between them, either actual or constructive. Its purpose was to protect the sheriff and his official bond against loss or damage which might arise out of the very levy about to be made, and it was to his interest and that of his bondsman that the security be ample.

The following citations are authority for the general principle that the sureties on the official bond of a sheriff are liable when property seized under process is not subject to execution, or is the property of another.

57 C. J. page 1012, sec. 793, and cases there cited hold that "there is authority for the view that their liability extends only to acts done by virtue of the office, and not to acts done merely under color of office."

At page 1027 of the same volume, sections 861 and 862, the rule is laid down:

"It is ordinarily held that the seizure by the sheriff or constable of property of one person under process against another is a breach of his official bond for which his sureties are liable notwithstanding it is in excess of the officer's authority, and a trespass; but there is also authority to the contrary."

Cases too numerous to set out here are cited from many states as a basis for this fundamental principle, and among the few cited contra is the case of State v. Conover, 78 Am. Dec. 54, from New Jersey, cited by counsel for plaintiff in error in his brief. He relies on this case and those which follow it, but they are inapplicable to Oklahoma law, and the doctrine is no longer recognized or followed in most of the states of the Union.

In the case of Inman v. Sherrill, 29 Okla. 100, 116 P. 426, this court held:

"Where an officer, while doing an act within the limits of his official authority, exercises such authority improperly, or exceeds his official powers, or abuses an official discretion vested in him, he becomes liable on his official bond to the person injured. But where he acts without any process, and without the authority of his office in doing such act, he is not to be considered an officer, but a personal trespasser."

And the following cases are to the same general effect: Jordan v. Neer, 34 Okla.

400, 125 P. 1117; Meek v. Tilghman, 55 Okla. 208, 154 P. 1190; Hodgson v. Hatfield, 112 Okla. 134, 240 P. 69; Chase v. MacDonell, 154 Okla. 165, 7 P. (2d) 465; Chandler v. Rutherford, 101 F. 774; Id., 2 Ind. Ter. 379.

The instructions of the court for which error is assigned appear to comprise a fair statement of the facts disclosed by the evidence, the purpose of the suit and the law of the case. Neither instruction could have influenced the jury wrongfully, or prejudiced it in its conclusions, for or against either party.

The propositions discussed at length in the briefs of counsel relating to the authority of the court of bankruptcy, in the light of the facts disclosed by the evidence, do not seem to be germane to the issue, but are wholly collateral. The proceedings taken were to ascertain whether the property levied on by the sheriff, and at the time held in his possession, belonged to Vehmeyer and was subject to be taken over by that court as an asset of his estate. It was determined that the property belonged to Morton, was no asset of Vehmeyer, and it was not taken over by any officer related to the proceeding in bankruptcy, but at all times remained in the possession of the sheriff or subject to his official control under the original levy. No substantial issue was raised thereon sufficient or proper to be submitted to the jury, or to be covered by instructions.

Finding no error, the judgment of the court below is affirmed.

The Supreme Court acknowledges the aid of Attorneys C. P. Gotwals, Charles A. Moon, and O. H. Graves in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Gotwals, and approved by Mr. Moon and Mr. Graves, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur.