INGLES et al. v. HOTZE.

No. 30316. Oct. 6, 1942.

Rehearing Denied Oct. 27, 1942.

*130 P. 2d. 302.*

Robert D. Crowe, of Oklahoma City, for plaintiffs in error.

A. C. Hough and C. C. Andrews, both of Oklahoma City, for defendant in error.

DAVISON, J. The plaintiff, Veatrice Hotze, filed an action for false imprisonment against the defendants, George Ingles, and the sureties on his bond, Bessie Taylor, and J. T. McGraw. Trial to a jury resulted in a verdict for the plaintiff in the sum of $200, from which the defendants have appealed. Three specifications of error are presented in the brief. The first one is that the evidence was not sufficient to sustain the verdict and judgment.

The facts disclose that on or about the 12th day of August, 1939, at 11 o'clock p. m. the defendant George Ingles came upon the plaintiff and one Howell parked in a truck at the side of the highway near Southwest 35th street and Meridian avenue in Oklahoma county. The truck had high sideboards and was completely enclosed. Defendant Ingles climbed up the side of the truck and threw a flashlight on the two persons in the inside of the rear or bed of the truck. Howell got out of the truck and after a few words with the defendant Ingles, Ingles directed plaintiff to get in his car and go with him to the office of a justice of the peace. This she did without complaint and defendant Ingles swore to and filed a complaint charging plaintiff with disturbing the peace "by the use of loud and boisterous languages." A warrant was issued on this complaint and plaintiff was placed in the county jail until she had perfected a bond. The case was never tried, but, after plaintiff had employed an attorney, same was disposed of by being dismissed by the county attorney for "failure to prosecute."

The defendant Ingles undertook to justify the arrest by the statement that, having received complaints from the neighborhood from which the arrest was made that a breach of the peace was being committed, he proceeded to the neighborhood and in driving around in that vicinity he found plaintiff and Howell parked in the place mentioned above, and that when he climbed up in the truck and flashed his light on the couple the man jumped up, thus indicating to Ingles that they were or had been in a compromising position. The plaintiff denied this and introduced evidence to establish that she and Howell were sitting in the bed of the truck carrying on a harmless conversation. No attempt was made by Ingles to sustain the complaint as to the breach of peace and he explains his filing this form of complaint by stating that in the conversation had with the said Howell outside the truck, Howell asked him to make the case as light as possible and for this reason he filed the complaint as aforesaid. Plaintiff denies any such conversation, or at least its purport for the purpose of binding her, and it is not contended that she heard or otherwise actively acquiesced in any such request.

The defendant Ingles was a constable and was acting within his territorial jurisdiction at the time the arrest of plaintiff was made. The codefendants, Bessie Taylor and J. T. McGraw, were the sureties on his official bond, the provisions and conditions of which provided in part: "If he shall faithfully and impartially without fear, favor, fraud or opposition, discharge all other duties, now or whenever required of his office by law, then this bond to be void, otherwise to remain in full force and effect."

The first question presented is whether the defendant Ingles was guilty of false imprisonment, and, if so, whether in making the arrest he was acting in such an official capacity as would make his official bondsmen liable.

To determine the proper solution of the above question, it is necessary to analyze some of the admitted facts on the part of Ingles. The fact that he was a constable and that the arrest was made within his territorial jurisdiction is not disputed. The execution of the bond in question is not in controversy. We then find the defendant Ingles going out to the vicinity in which he made the arrest in his official capacity, to answer a call coming from the particular neighborhood advising him of a disturbance of the peace. He therefore places himself in the neighborhood pursuing his official duties. While somewhere in the neighborhood, he came across the parked truck and made an investigation of the truck and contents, and then, according to his testimony, he observed that a violation of the law was being committed in his presence. He justified the arrest, without a warrant, under 22 O. S. 1941 § 196, which provides in part for such arrest "for a public offense, committed or attempted in his presence."

One of the grounds for defendant's motion for a new trial is the court's refusal to give defendant's requested instruction pertaining to indecent and lewd exposure in a public place. Without passing on the merits of this request at this point in the opinion, we mention it at this time for its value in establishing the capacity in which the defendant was acting. The defendants were therefore justifying the arrest of plaintiff without a warrant under crime pertaining to "indecent exposure" as defined in 21 O. S. 1941 § 1021, or under 21 O. S. 1941 § 22, which pertains to an offense which "openly outrages public decency, and is injurious to public morals." The violation of the first section above referred to is a felony, while a violation of the latter section is a misdemeanor. Under either of said sections of the statute the defendant was authorized to make an arrest with or without a warrant if an offense was committed in his presence. Thus the defendant Ingles in attempting to justify his conduct takes the position that he was acting as an officer.

The defendants state that this court

is committed to the rule that the contract of sureties on an official bond is strictissimi juris, and that the sureties on official bonds are liable only for acts of the principal done virtuti officii, and not for acts done colore officii. In support of this contention defendants rely on the cases of Lowe v. City of Guthrie, 4 Okla. 287, 44 P. 198; Dysart v. Lurty, 3 Okla. 601, 41 P. 724; Inman v. Sherrill, 29 Okla. 100, 116 P. 426; Jordon v. Neer, 34 Okla. 400, 125 P. 1117; Taylor v. Morgan, 43 Okla. 142, 141 P. 679. Each of the above cases is distinguishable from the case at bar. Without unduly lengthening this opinion to distinguish each of the above-cited cases, we will refer to the later case of McCorcle v. Morton, 171 Okla. 632, 44 P. 2d 9, which analyzes the general holdings in most of the above and other earlier Oklahoma cases. In the body of the opinion it is stated:

"In the case of Inman v. Sherrill, 29 Okla. 100, 116 P. 426, this court held, 'Where an officer while doing an act within the limits of his official authority exercises such authority improperly, or exceeds his official powers, or abuses an official discretion vested in him, he becomes liable on his official bond to the person injured. But where he acts without any process and without the authority of his office, in doing such act, he is not to be considered an officer, but a personal trespasser . . . .'"

The question now before us, under a similar fact situation, is one of first impression, and in determining the question it is necessary to determine the holdings in the cases in this jurisdiction under various fact situations and consider also cases from other jurisdictions.

In the case at bar the defendant Ingles had the legal authority to suppress crime and to arrest an offender. It was his official duty to do so. He had proceeded to a neighborhood where he said he had been notified that a crime in the nature of a disturbance of the peace was being committed. While somewhere in the neighborhood he arrested the plaintiff in the manner and under the circumstances hereinbefore set forth. He was within the limit and scope of his authority, if he was doing something in the furtherance of his duty to suppress crime or enforce the criminal laws, and it cannot be said that he was impelled to make the arrest by motives that were wholly personal or to gratify his own feelings of resentment. He may have acted improperly in the performance of his duties, but such improper conduct is the gist of this action, and the fact that a peace officer may have acted improperly in performing his duties will not exonerate the surety on his official bond from liability for his conduct. See annotation in 64 A. L. R. 1022; 22 R. C. L. 506.

The great weight of authority and especially the more recent cases regard wrongful acts of a public officer colore officii as official acts for which the sureties on his bond are liable. Abbott v. Cooper et al., 218 Cal. 425, 23 P. 2d 1027, and the many cases cited therein.

It seems that the courts have been confused in many "border line" cases on the question as to when acts of an officer are done virtute officii and when they are done colore officii. See statements in 22 R. C. L. 506; annotation 3 A. L. R. 1623 at page 1625. There should be no room for confusion, however, in the case at bar because under the facts the acts of Ingles are both acts virtute officii and colore officii, and we so hold.

Complaint is made of the failure of the trial court to instruct that in effect plaintiff and Howell were guilty of violating 21 O. S. 1941 § 1021. There was no error in refusing to instruct on this issue. The evidence was entirely insufficient to justify or authorize a finding of a violation of the statute relating to lewd conduct in a public place.

Complaint is also made of the giving of plaintiff's requested instruction No. 5 in that there was therein no limitation upon the right of recovery as to amount. Since the judgment in the case at bar is only $200, and the amount sued for was $975, the error, if any, is harmless.

Other complaints are made as to other instructions, but we find that same, taken as a whole, covered the case fairly in all respects.

From all the facts and circumstances the evidence is sufficient to sustain the judgment against both the defendant Ingles, and his sureties, and we see no reason why the verdict of the jury should be disturbed.

Judgment affirmed.

RILEY, OSBORN, BAYLESS, GIBSON, HURST, and ARNOLD, JJ., concur. WELCH, C. J., and CORN, V. C. J., absent.