SMITH ENGINEERING WORKS v. CUSTER et al.

No. 30521. May 9, 1944.

Rehearing Denied Sept. 12, 1944.

*151 P. 2d 404.*

B. M. Parmenter, of Oklahoma City, for plaintiff in error.

W. Lee Johnson, of Pawnee, for defendants in error.

OSBORN, J. This action was instituted in the district court of Pawnee county by the Smith Engineering Works, hereinafter referred to as plaintiff, against Chas. I. Custer, county commissioner of Pawnee county, and his official bondsmen, the Standard Accident Insurance Company, hereinafter referred to as defendants, wherein plaintiff sought judgment for the value of merchandise sold and delivered to Pawnee county upon the order of the defendant commissioner, it appearing that the appropriation had been exhausted at the time the goods were sold and delivered to the county.

The action was instituted in the trial court on December 28, 1940.

The amended petition of plaintiff in its first cause of action alleges that "Chas. I. Custer, as Pawnee County Commissioner District No. 2," ordered from plaintiff on March 20, 1939, by telegram and letter certain repair parts "acting as County Commissioner of District No. 2 of Pawnee County, Oklahoma;" that the indebtedness in the sum of $108.05 "created and attempted to be created by the defendant, Chas. I. Custer, acting as County Commissioner of District No. 2 of Pawnee County, Oklahoma, was in an amount exceeding in said year, 1939, the income and revenue provided for such year, the same was done without the assent of three-fifths of the voters thereof, and it was the incurring, acknowledging and authorizing of an indebtedness against the said Pawnee County, Oklahoma, in excess of the estimate made and approved by the Excise Board for the current fiscal year within which the said indebtedness was contracted and incurred by the said defendant, Chas. I. Custer."

In the second cause of action the plaintiff adopts the allegations of the first cause and alleges that "at the special instance and request of this defendant, Chas. I. Custer, Commissioner, Pawnee County District No. 2," it sold certain goods, wares, and merchandise in the sum of $516.32.

It is further alleged that said material so purchased has not been paid for.

In the third cause of action it is alleged that the defendant commissioner executed an official bond with Standard Accident Insurance Company as surety for the term beginning July 1, 1937, and

ending July 1, 1939, and "that said bond provides 'the condition of the above obligation is such, that if the above bounden principal shall well and faithfully perform all the duties of his said office during the term as aforesaid, as required by law, then this obligation shall be null and void; otherwise to be and remain in full force and virtue' "; that defendant commissioner has not faithfully performed the duties of his said office as required by law, "in that in attempting and pretending to perform the duties of his said office he violated the law in the respects and manner set out in the aforesaid First and Second Causes of Action"; and that the surety by the terms of said bond is obligated and bound to pay the plaintiff.

Verified copies of the two accounts and a copy of the bond are attached to the petition as exhibits.

To this petition the defendants filed separate demurrers alleging that the petition and each of the several causes of action does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendants, and that the petition shows on its face that the alleged causes of action are barred by the statute of limitations. The demurrers being sustained, the plaintiff elected to stand upon its petition, judgment was entered in favor of defendants, and plaintiff has appealed.

The action is predicated upon 12 O. S. 1941 § 76, as supplemented by 62 O. S. 1941 § 479.

Said section 76 reads as follows:

"When an officer, executor or administrator within this state, by misconduct or neglect of duty, forfeits his bond or renders his sureties liable, any person injured thereby, or who is, by law, entitled to the benefit of the security, may bring an action thereon in his own name, against the officer, executor or administrator and his sureties, to recover the amount to which he may be entitled by reason of the delinquency. The action may be instituted and proceeded in on a certified copy of the bond, which copy shall be furnished by the person holding the original thereof."

62 O. S. 1941 § 479, so far as material here, provides:

"It shall be unlawful for the board of county commissioners . . . or any member or members of the aforesaid commissioners, . . . to make any contract for, incur, acknowledge, approve, allow or authorize any indebtedness against their respective municipality or authorize it to be done by others, in excess of the estimate made and approved by the excise board for such purpose for such current fiscal year, . . . . Any such indebtedness, contracts incurred, acknowledged, approved, allowed or authorized in excess of the estimate made and approved for such purpose for such current fiscal year . . . , shall not be a charge against the municipality whose officer or officers contracted, incurred, acknowledged, approved, allowed or authorized or attested the evidence of said indebtedness, but may be collected by civil action from any official contracting, incurring, acknowledging, approving or authorizing or attesting such indebtedness, or from his bondsmen."

It is noted that the action was instituted more than one year (but within three years) after the purchase of the merchandise. Our general statute of limitations is 12 O. S. 1941 § 95. The second subdivision of the statute fixes a period of three years for the institution of "an action upon a liability created by statute other than a forfeiture or penalty." The fourth subdivision fixes a period of limitations of one year for "an action upon a statute for penalty or forfeiture, except where the statute imposes and prescribes a different limitation." Under the fifth subdivision of the statute an action on an official bond "can only be brought within five years after the cause of action shall have accrued."

The trial court was of the view that the fourth subdivision was applicable in that the present action was upon a statute for penalty, and relied upon our decision in the case of Battles v. Connor, 182 Okla. 613, 79 P. 2d 232. In that case a county treasurer and his surety were sued by the holder of certain warrants to recover the amount thereof as authorized by 62 O. S. 1941 § 477, which

section makes it unlawful for the treasurer to register a warrant in excess of the estimate made and approved by the excise board and authorizes an action by the warrant holder against the treasurer and his surety to recover the amount of the warrant. Said decision, whether correct or erroneous, is not controlling herein, for we must construe other sections of the statutes. But on further careful consideration of that case, we are convinced that the reasoning therein is faulty, and that insofar as same conflicts herewith it should be disapproved.

The case of Battles v. Connor, supra, relies to some extent upon certain language incidentally used by this court in Carey, Lombard, Young & Co. v. Hamm, 61 Okla. 174, 160 P. 878, and in Board of Com'rs v. Western Bank & Office Supply Co., 122 Okla. 244, 254 P. 741, in neither of which cases was the determinative question herein involved. We believe also that the applicable statutes serve to distinguish the North Dakota case of St. Anthony & D. Elevator Co. v. Martineau, 30 N. D. 425, 153 N. W. 416, relied upon in said opinion, since said statutes differ in many respects from ours.

The rule is stated in 1 Am. Jur. § 39, p. 431, as follows:

". . . A penal action is one founded entirely upon the statute, the only object of which is to recover a penalty or a forfeiture imposed as a punishment for a certain specific offense. Remedial actions are those which are brought to obtain compensation or indemnity. Accordingly, where damages imposed by statute are given wholly to the party injured as compensation for the wrong and injury, the statute having for its object indemnification rather than punishment, the action to recover such damages is remedial in its nature. . . . "

We quote from 1 C. J. S., Actions, § 59, as follows:

"A remedial action is to be distinguished from a penal action in that the former is given to, and is brought by, the party aggrieved, and the recovery allowed is in the nature of compensation or indemnity for the injury done or loss sustained, an action of this character being remedial notwithstanding the amount recoverable may exceed the damages proved, while the latter is given to, and may be brought by, anyone who will sue, such as a common informer, or a designated plaintiff who need not show that he has sustained any injury, and the recovery allowed is not to compensate plaintiff, but to punish defendant."

In the case of Slater v. Atchison, T. & S. F. R. Co., 91 Kan. 226, 137 P. 943, L. R. A. 1916F, 949, 952, it was said:

"In Frame v. Ashley, 59 Kan. 477, 478, 53 P. 474, 475, the three years' statute of limitation was held to apply to an action against a bank officer for receiving deposits in an insolvent bank, where the purpose of the action was for recovery of the deposit. The sole question there was whether the action was upon a 'liability created by statute' or 'upon a statute for penalty or forfeiture.' In the opinion it was said: 'The general rule is that a statutory obligation to pay damages which the common law does not give is a liability created by statute,' where the damages awarded are limited to compensation,—limited to an amount which merely makes the injured person whole. The general rule also is that a statutory obligation to pay an amount beyond compensation, to submit to more than the simple redress of the wrong done, to pay not merely in respect to the deserts of the injured person, but as punishment for the wrong done, is a penalty . . . . "

The universally accepted definition of a "liability created by statute" is a liability which would not exist but for the statute. See Baldwin v. Fennimore, 149 Kan. 825, 89 P. 2d 883; Hollinger v. Board of Com'rs, 115 Kan. 92, 222 P. 136; Taylor v. Betts, 59 Ariz. 172, 124 P. 2d 764; Haws v. Fracarol (C.C.A. 9th) 72 F. 2d 461; Fidelity & Deposit Co. v. Lindholm, 66 F. 2d 56, 89 A.L.R. 279; Cole v. Brandle, 127 N. J. Eq. 31, 11 Atl. 2d 255; Deitrich v. Copeland Lbr. Co., 28 Idaho, 312, 154 P. 626; Wonnacott v. Kootenai County, 32 Idaho, 342, 182 P. 353; Steinbrenner v. Elder, 80 Mont. 395, 260 P. 725; McDonald v. Mueller, 123 Ark. 226, 183 S. W. 751; Hocking

Valley R. Co. v. New York Coal Co. (C.C.A. Ohio) 217 F. 727, 730; Schmidt v. Merchants Dispatch Transp. Co., 280 N. Y. S. 836, 244 App. Div. 606; Hawkins v. Iron Valley Furnace Co., 40 Ohio St. 507, 514; Hanson Packing Co. v. Swift & Co., 27 Fed. Supp. 364; Hellwig v. Title Guaranty & Surety Co., 39 Cal. App. 422, 179 P. 222; Raymond v. Christian, 24 Cal. App. 2d 92, 74 P. 2d 536, 548; Huntington v. Attrill, 146 U. S. 657, 13 S. Ct. 224, 36 L. Ed. 1123; Chattanooga Foundry & Pipe Works v. Atlanta, 203 U. S. 390, 51 L. Ed. 241; Metzger v. Joseph, 111 Miss. 385, 71 So. 645.

In the case of Hughes v. Reed, 46 F. 2d 435, the Tenth Circuit Court of Appeals had under consideration our statutes relating to a breach of the statutory duty imposed upon directors of a national bank not to permit loans exceeding a certain percentage of the unimpaired capital and surplus. Therein it was pointed out that the statute which fixed the liability was remedial, and not penal, and declared the mode of proceeding, the liability of the wrongdoer, and the limit of responsibility. It concluded that the liability therein was a "liability created by statute" within the three-year statute of limitations.

But for the statute herein (section 479, supra) there would have been no personal liability against the defendant county commissioner. The sole object of the plaintiff was the recovery of compensation or indemnity for the wrong done by said commissioner. There is no element of punishment involved herein. We are driven to the conclusion that the action herein is wholly remedial and not penal, and that the 4th subdivision of 12 O. S. 1941 § 95, fixing a period of limitation for the commencement of an action at one year for a "penalty or forfeiture," has no application.

Since the action was commenced within three years after its accrual, it is unnecessary for us to determine whether or not the subdivision fixing three years for the institution of an action upon a liability created by statute is applicable, or whether the fifth subdivision, relating to an action on official bond (within five years), is applicable. But, see 89 A. L. R. 287, and Baldwin v. Fenimore, 149 Kan. 825, 89 P. 2d 883.

It is urged by the defendants that the petition is not sufficient to state a cause of action, because it does not allege that the contract was originally made by the commissioner in an official capacity, and that such acts by the commissioner were "under color of office" and not "by virtue of office," and that the bondsman is not liable for such acts.

Title 12, O. S. 1941 § 76, is a procedural statute, providing how, and by whom, an action may be brought when an "officer" has forfeited his bond or rendered his sureties liable by his misconduct or neglect of duty.

It is true that the action of the commissioner, as alleged in the petition, acting as an individual member of the board of county commissioners for the purchase of the material while not in plenary session, is not binding on the county, even though the county received benefit of contract. Western Paint & Chemical Co. v. Board of County Com'rs of Kingfisher Co., 172 Okla. 599, 46 P. 2d 543. But the facts alleged in the petition are sufficient to show that the defendant commissioner, acting under color of office, made a purchase which exceeded the estimate made for such purpose.

It is generally conceded that, for acts done "by virtue of" office, such persons will be held liable; but as to acts done "under color of" office, the authorities are not harmonious. The defendants assert that, since the commissioner was without authority to contract on behalf of the county, except pursuant to action of the board of commissioners acting as a board, he was acting only "under color of" office. They rely on Dysart v. Lurty, 3 Okla. 601, 41 P. 724; Lowe et al. v. City of Guthrie, 4 Okla. 287, 44 P. 198; Inman v. Sherill, 29 Okla. 100, 116 P. 426; Jordan v. Neer, 34 Okla. 400, 125 P. 1117; Taylor v. Morgan, 43 Okla. 142,

141 P. 679. In this connection, see Mc-Corcle v. Morton, 171 Okla. 632, 44 P. 2d 9, and Ingles v. Hotze, 191 Okla. 378, 130 P. 2d 302.

In Ingles v. Hotze, supra, we said:

"The great weight of authority and especially the more recent cases regard wrongful acts of a public officer colore officii as official acts for which the sureties on his bond are liable. Abbott v. Cooper et al., 218 Cal. 425, 23 P. 2d 1027, and the many cases cited therein."

In this case it is not necessary to decide whether the commissioner was acting by virtue of office or under color of office, for the reason that Title 62, O. S. 1941 § 479, under which this action is brought, makes it unlawful for the board of county commissioners, *"or any member or members"* thereof, to make any contract for, incur, acknowledge, approve, allow or authorize any indebtedness, in excess of the estimate made and approved by the excise board for such purpose for such current fiscal year, and further provides that such shall not be a charge against the county, but may be collected by civil action from *any* official "contracting, incurring, acknowledging, approving or authorizing or attesting such indebtedness, *or from his* bondsmen." The statute itself fixes liability against him and his bondsmen regardless of the distinctions which might be drawn under other statutes or fact situations.

Under Title 19, O. S. 1941 § 323, a county commissioner is required to execute a bond, before entering upon the duties of his office, in an amount not to exceed $5,000, the amount and sufficiency of the bond to be determined by the county judge. In compliance with this statute the commissioner executed a bond, the conditions of which obligated the sureties if the commissioner did not faithfully perform all his duties as required by law. A violation of section 479, above quoted, was unlawful, which makes the commissioner personally liable together with his bondsmen.

Defendants rely on Honnold v. Board of Com'rs of Carter County, 71 Okla. 71, 177 P. 71, as authority that the purchase of the supplies in the instant case was ultra vires and void and that the commissioner as an individual is not liable.

In that case plaintiff sued the county and the individual members of the board of commissioners to recover damages suffered for failure of the board to deliver certain county funding bonds to plaintiff pursuant to written contract. It was held that the board was without power under the statutes (62 O. S. 1941 §§ 391-395) to enter into the contract for sale of the bonds, and that said contract was contrary to public policy, was ultra vires and void, and that no recovery could be had either against the county or the individual members of the board.

But the case last cited is distinguished from the present one in that the statutes do not specifically authorize an action against the individual members of the board to recover damages for breach of an ultra vires contract on the part of the county to sell bonds or other thing of value, while section 479, supra, does authorize action against the commissioner and his surety to recover any indebtedness created by the officer in excess of the appropriation made and approved by the excise board.

The defendant next contends that section 9, ch. 80, Session Laws 1910-11, the same being Title 62, O. S. 1941 § 479, is violative of section 57, art. 5 of our Constitution, insofar as it purports to impose liability of a remedial nature in favor of vendors against a county commissioner or his bondsmen for purchases in excess of the estimate made and approved by the excise board for such purposes for the current fiscal year, for the reason that such subject is not expressed in the title to the act. With this contention we cannot agree.

The title to Senate Bill No. 100, of which Title 62, O. S. 1941 § 479, is a part, is as follows:

"An act relating to the issuance of warrants and certificates of indebtedness; providing manner and limit of issuance of any municipality; method of

registration and payment; providing penalties for issuing warrants, evidences or certificates of indebtedness in any form in excess of the estimate made and approved for the fiscal year or authorized by a bond issue; and repealing all acts in conflict herewith."

In State ex rel. Oklahoma State Highway Commission v. Horn et al, 187 Okla. 605, 105 P. 2d 234, we said:

"The language of section 57, art. 5, supra, is not to be given the strictest construction or enforced in such a manner as to cripple legislation. In re County Com'rs of Counties Comprising Seventh Judicial Dist., 22 Okla. 435, 98 P. 557; Chicago, R. I. & P. Ry. Co. v. Excise Board of Stephens Co., 168 Okla. 519, 34 P. 2d 274; Dabney v. Hooker, 121 Okla. 193, 249 P. 381; State v. Bonner, 86 Okla. 280, 208 P. 825. Unless the body of the act contains provisions that cannot be said to relate to the general subject referred to in the title and the act clearly contravenes the requirements of said section, it should not be declared unconstitutional on such ground. See Jefferson v. Toomer, 28 Okla. 658, 115 P. 793; State ex rel. Read v. Midwest Mutual Burial Ass'n, 176 Okla. 468, 56 P. 2d 124; Walker v. Local Building & Loan Ass'n, 176 Okla. 168, 54 P. 2d 1078; Wallace v. Gassaway, 148 Okla. 265, 298 P. 867; State v. Pitts, 137 Okla. 59, 277 P. 918. . . ."

The Legislature had a definite purpose in view, as expressed in the title of the act, to prevent the incurring of indebtedness "in any form" against the municipality, in excess of the estimate made and approved for such fiscal year, or authorized by a bond issue, and it provided a remedy for the violation thereof. The title expresses the purpose of the law in general terms, and the details in connection with the accomplishment are set forth in the body of the law. There are no diverse or unconnected subjects involved, and the provisions in the body of the act relate to the general subject referred to in the title thereof. Considered in the light of the above cited cases, we cannot say that said section of the statutes is in violation of section 57, art. 5 of the Constitution.

For the reasons herein expressed, the judgment sustaining the demurrer is reversed, and the cause remanded for further proceedings.

CORN, C. J., GIBSON, V. C. J., and RILEY, BAYLESS, DAVISON, and ARNOLD, JJ., concur. HURST, J., dissents.