### BLUNCK v. BLUNCK et al.

No. 24450.   May 14, 1935.

Darnell & LaRue, for plaintiff in error.

Meacham, Meacham & Meacham, for defendants in error.

PER CURIAM. The parties to this appeal not being in the same relation in the trial court as they are in this court, they will be referred to, respectively, as plaintiff in error and defendants in error.

The facts necessary to a determination of the contentions herein made are substantially as follows:

Otta F. Blunck died intestate in the year 1922, leaving certain personal property; and prior to the death of the said decedent, he made and executed a deed to his real estate to the plaintiff in error herein, James F. Blunck. Prior to the time of the death of the decedent, the decedent resided with the plaintiff in error, James F. Blunck, from 1918 until the date of his death. During all of this period of time the said Otto F. Blunck was in declining health and was the owner of a farm in Custer county, and was a Civil War Union soldier, and as such ex-soldier drew the usual pension. He left surviving him Fred Blunck, a son, Nora Dougherty, a daughter, James F. Blunck, a son, Lydia Hayek, a daughter, George Blunck, a son, and Vera Blunck, a granddaughter, she being the daughter of Louis Blunck, deceased.

On the 6th day of January, 1930, action was instituted in the district court of Custer county, Okla., by Vera Blunck, a minor, against the above-named surviving sons and daughters. The petition as filed states three causes of action: First, for a determination of the heirship of the above-named decedent, Otto F. Blunck; second, for cancellation of the deed made by Otto F. Blunck to James F. Blunck; and, third, for a distribution of personal property left by the said Otto F. Blunck.

As to the first cause of action above stated, neither plaintiff in error nor defendants in error contend that there is any error in the judgment of the trial court.

As to the second cause of action, neither

plaintiff in error nor the defendants in error contend or find any fault in their briefs with reference to the findings and judgment of the trial court.

1. After a careful and thorough reading of the record, we are unable to agree with the contention of the plaintiff in error that the court below committed error in that the evidence was insufficient to support the judgment of the court. The testimony, in our opinion, was more than sufficient to uphold the findings of the trial court. However, the plaintiff in error finds fault with the court below in overruling his demurrer to the evidence as introduced by defendants in error. We cannot agree that the court committed error in overruling the demurrer to the evidence as introduced on the part of the defendant in error Vera Blunck and her codefendants as above named, but, notwithstanding such view, we are of the opinion that the plaintiff in error waived all rights under said demurrer by proceeding in said cause and introducing evidence in his own behalf after demurrer to plaintiff's evidence was overruled, and without moving for a directed verdict at the close of all evidence. Local Building & Loan Ass'n v. Hudson-Houston Lumber Co., 150 Okla. 44, 3 P. (2d) 156.

2. It is next contended that the third cause of action set forth and relied upon, and which might have existed in favor of the defendant in error, was barred by the statute of limitations. The defendants in error in answering to this contention state that the plaintiff in error failed to plead the statute of limitations applicable to the third cause of action, he having pleaded a two years' statute when in fact a three years' statute was applicable, for which reason the plea of the statute of limitations will not bar this action. With this contention we are inclined to agree. A careful examination of the petition filed herein by defendant in error Vera Blunck leads us to the conclusion that the action is one under an implied contract for the payment of money, which, under the second subdivision of section 185, C. O. S. 1921 (101, O. S. 1931), will be barred in three years from the accrual of said action. In the answer to the petition of the said Vera Blunck, the plaintiff in error herein, James F. Blunck, set up a plea of the statute of limitations, alleging that more than two years had elapsed since the accrual of said cause of action, if any, in favor of defendants in error, and that the said cause of action was barred by subdivision 3 of section 185, C. O. S. 1921 (101, O. S. 1931). No reference whatso-

ever was made in the answer of plaintiff in error to any other statute. The question which arises for this court to determine is, Did the plaintiff in error plead in his answer the period of limitations applicable to the case, and, if he did not, what is the consequence? This, in our judgment, is the controlling question in this case. After much thought, and in light of the authorities, our conclusion is that the plaintiff in error did not set up the period of limitations applicable to the case, but instead thereof set up a shorter one, and by so doing must be regarded as having altogether waived the other statute of limitations as an answer to plaintiff's original petition, or as a reply to his codefendants' answer. The defendant in error did not charge the plaintiff in error, nor did the trial court find the plaintiff in error to have been guilty of fraud as is covered by the second subdivision of the statute pleaded by the plaintiff in error. On the contrary, the record in this case shows that the plaintiff in error was directly charged with money had and received belonging to himself and the defendants in error, which he promised to pay to the defendants in error, and never repudiated said promise until after this action was instituted.

It is a well-established rule of law that the bar of the statute of limitations must be both pleaded and proved by the party asserting it, and in this case it was for the appellant to first plead and then prove that the cause of action against him for keeping money belonging to his brothers, sisters, and neice was barred. It was not only required of the appellant that he plead a statute, but that he plead the correct or applicable statute. In this connection we quote from 37 Corpus Juris, at page 1222:

"Reference to Wrong Statute. Where a statute of limitations is pleaded which is not applicable to the cause of action claimed to be barred, the plea is bad, and as a general rule the protection of another statute which is not pleaded cannot be invoked, except where all the facts necessary to bring the case within the proper statute are alleged. For instance, where a shorter period of limitations than the one applicable to the case is pleaded, the plea is bad and the benefit of the longer and correct limitation which might have been pleaded cannot be invoked."

The plaintiff in error pleads that Vera Blunck's cause of action " * * * did not accrue * * * within two years next before the commencement of this suit * * * and * * * is barred * * * under said section 185, subdivision 3 of C. O. S. 1921."

If the statute had started to run in this case, the two-year statute would not have been the applicable statute. Their cause of action is simply one for money withheld, and it was not necessary for them to allege fraud. This court has held in the case of Logan v. Brown, 20 Okla. 334, 95 P. 441, that:

"The statutory limitation of the time within which 'an action for relief on the ground of fraud' must be commenced only applies when the party against whom the bar of the statute is interposed is required to allege fraud in pleading his cause of action, or to prove fraud to entitle him to relief."

In this connection, we desire to state that the evidence before the trial court showed conclusively that the plaintiff in error had promised to account for the money which he had received from the estate of his deceased father, Otto F. Blunck. There was no charge made in the trial court, as is revealed by the pleadings in this case, that any fraud whatsoever was committed or attempted to be committed by the plaintiff in error. In so far as the third cause of action is concerned, it was simply charged that he had received this money and had promised to account therefor to the defendants in error, all of which the plaintiff in error failed to do and all of which promise he failed to repudiate until after the commencement of this suit in the lower court.

The plaintiff in error, having taken possession of the money in question which belonged to the estate of his deceased father, unquestionably assumed the position of a voluntary trustee, and the statute of limitations did not run until his repudiation thereof, which was after the commencement of this suit in the trial court, or, to say the least, was a short period of time prior to the filing of this action, and by a far shorter period of time than three years, as is set forth by subdivision 2, section 185, C. O. S. 1921. With reference to the question as to whether or not the pleading of a shorter period of limitations includes the longer, we desire to make reference to the case of Downey v. Atchison, T. & S. F. R. R. Co. (Kan.) 57 P. 101, where the rule is stated as follows:

"It follows from the fact that the misconduct of the arbitrator, Whittaker, was not, in its legal sense, fraud, the plea in the plaintiff's reply of the two-year statute of limitations was unavailing. Had the defendant brought an action to set aside the award, it would have been, in the language of the sixth subdivision of section 12 of the Civil Code (Gen. St. 1897), 'An action for relief not herein provided for.' Relying upon the statute defensively, as the railroad company did, its character, of course, is the same. Whether pleaded affirmatively or defensively, it must be done, in the language of the subdivision above mentioned, 'within five years from the time the cause of action shall have accrued.' The statutory period, therefore, which bars actions to vacate awards, or which bars defense to such actions upon the grounds stated in the defendant's answer in this case, is five years; and, had the plaintiff pleaded such period of limitation, his reply would have been good. However, he did not do so, and his reply in this particular was bad. Under all the authorities we have been able to find, a plea of a shorter period of limitation than the one applicable to the case is no plea at all. It is, in effect, a waiver of the longer and proper period of limitation which might have been alleged."

In the Kansas case, supra, the court uses the following language with reference to this question:

"In Bridgeforth v. Payne, 62 Miss. 777, a six-years statute of limitations was pleaded as a defense to an action to which a statute of seven years was applicable. The court held the plea of the shorter period unavailing, and remarked, in the opinion, among other things, that: 'The appellant, having relied upon a statute not applicable, cannot invoke the protection of another not pleaded. The party who pleads or replies to a statute of limitations not appropriate to the action, must abide the result. Boyd v. Barrenger, 23 Miss. 269; Trustees v. Gilman, 55 Miss. 148.' In Hunter v. Hunter, 50 Mo. 445, the court ruled that 'a plea of the statute of limitations which only sets up a bar by lapse of five years is not a good plea of a bar by ten years,' and in the opinion it was remarked, 'Even if ten years had expired, the plea only set up the five years, and not the ten years, so there was no proper plea of the ten-years bar set up in this suit.' In Murphy v. DeFrance, 105 Mo. 53, 15 S. W. 949, and 16 S. W. 861, the case of Hunter v. Hunter, supra, and other cases to the same effect were reaffirmed. * * * In Retzer v. Wood, 109 U. S. 185, 3 Sup. Ct. 164, it was held that, in the absence of a statutory rule to the contrary, the defense of a statute of limitations, which is not raised either in pleading, or on the trial, or before judgment, is of no avail. Statutory limitations upon rights of action or grounds of defense, while now looked upon with more favor than formerly, are not regarded with sufficient favor to justify the courts in correcting the mistakes of a party endeavoring to interpose them as shields against his adversary. Certainly the courts cannot give to a party the benefit of a statute of limitations which he has

not chosen to plead. Certainly they cannot give him the benefit of the longer statutory period applicable to his case, which he has not pleaded, in lieu of the shorter period, not applicable, but which he has, nevertheless, pleaded. In such case he will be deemed to have waived the statute of limitations as a defense or as a reply, the same as though no statute at all had been pleaded."

In the case of Branch v. Lambert (Ore.) 205 P. 995, the rule is similarly stated in the following words:

"Defendants attempted to plead the statute of limitations,' but allege that the action had not been brought within six years after plaintiff's cause of action accrued, while the period of limitations was six years, plus the time which expired between the death of the decedent and the expiration of the six months after letters of administration issued. The authorities hold that a plea of a shorter period of limitations than the one applicable to the case is no plea at all." ·

Thus, it appears that the statute of limitations was improperly pleaded by plaintiff in error in his answer to the third cause of action of the petition originally filed in this cause by Vera Blunck, and in his reply to the answer of his co-defendants, George Blunck and Nora Dougherty, and it further appearing, as we have hereinbefore observed, that there was sufficient evidence to sustain the judgment of the trial court on the third cause of action, based upon the pleadings filed herein, as to Nora Dougherty and George Blunck, defendants in the court below, and Vera Blunck, plaintiff in the court below.

After a careful examination of the pleadings in this case, we are unable to agree with the trial court in rendering judgment against the plaintiff in error, James F. Blunck, and in favor of the defendants Lydia Hayek and Fred Blunck on the third cause of action; these two individual defendants did not file an answer and did not ask for any relief whatsoever, and the third cause of action herein being for money due by the plaintiff in error to all of the defendants in error, we cannot agree that the court should have entered a personal judgment against the plaintiff in error in favor of Lydia Hayek and Fred Blunck, the two defendants above named, and the judgment of the lower court in so far as rendering a personal judgment against the plaintiff in error, James F. Blunck, and in favor of Lydia Hayek and Fred Blunck, is reversed and remanded. The judgment of the trial court is hereby in all other things affirmed.

The question of the capacity of the plaintiff in the court below to maintain the third cause of action herein has not been raised, and is therefore not determined by this court.

Our attention having been called to the supersedeas bond included in the case-made disclosing the names of J. F. Blunck, J. W. Hix, and John Smith as sureties thereon, judgment is hereby entered upon said supersedeas bond against said sureties, and each of them, in accordance with the terms and provisions of said bond, and the trial court is directed to show such judgment of record therein, for collection on execution if necessary, as if such judgment had been originally rendered therein.

·The Supreme Court acknowledges the aid of Attorneys Sam A. Neely, Charles A. Holden, and Villard Martin in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Neely and approved by Mr. Holden and Mr. Martin, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, WELCH, PHELPS, and CORN, JJ., concur.