### BATTLES v. CONNOR, County Treas., et al.

No. 28189. May 3, 1938.

Thomas J. Wiley and Jno. W. Porter, for plaintiff in error.

William B. Moore and A. Camp Bonds, for defendants in error.

HURST, J. The question involved in this appeal is whether the trial court erred in sustaining the separate demurrers of the defendants to the petition of plaintiff. Plaintiff commenced this action on May 11, 1936, against John D. Connor, county treasurer of Muskogee county, and the U. S. Fidelity & Guaranty Company, surety on his official bond, to recover the face amount of two general fund warrants issued by a school district in Muskogee county. The petition contains two causes of action. In the first cause of action it is alleged in substance that plaintiff, for valuable consideration, is the owner and holder of a warrant issued by the school district on November 4, 1933, in excess of the estimate made and approved by the excise board; that notwithstanding that fact, the county treasurer did then and there proceed to register the warrant, contrary to law, and that payment has been refused because it was in excess of the estimate approved by the excise board and is not a charge against the school district. Plaintiff then sets out the amount of the appropriation for the warrant sued on, which was less than the face amount of the warrant, and he also sets out the total appropriation and the total amount of warrants registered showing them to be in excess of the total appropriation. He then prays for judgment for the face amount of the warrant with interest. The second cause of action is substantially the same as the first. Plaintiff there seeks to recover for registering a warrant issued December 21, 1933, also in excess of the estimate made and approved by the excise board and registered by the county treasurer. The warrants attached as exhibits to the petition show that they were registered on the same day they were issued.

Defendants filed separate demurrers upon two grounds: First, that the petition does not state facts sufficient to constitute a cause of action; and, second, that the action was barred by the two-year statute of limitations as provided in paragraph 3, section 101, O. S. 1931. The demurrers were sustained, plaintiff elected to stand on his petition, and judgment was entered in favor of defendants dismissing plaintiff's action. Plaintiff brings this appeal.

■ Under the view we take of this case, it is only necessary to decide the question of the statute of limitations. Plaintiff's action is based upon section 5953, O. S. 1931 (62 Okla. St. Ann. sec. 477), which provides in part:

"It shall be unlawful for any officer to * * * register any warrant * * * in excess of the estimate of expenses made and approved for the current fiscal year or authorized for such a purpose by a bond issue, and any such warrant * * * registered in excess of the estimate made and approved * * * shall not be a charge against the municipality upon which it is issued, but may be collected by civil action from any officer * * * registering or paying the same, or from either or all of them, or from their bondsmen."

Plaintiff contends that this is an action upon a liability created by statute and is governed by the three-year statute of limitations prescribed in paragraph 2, section 101, supra, which provides:

"Second. Within three years: * * * an action upon a liability created by statute other than a forfeiture or penalty."

Defendants, as pleaded in their demurrers, take the position that the governing provision is paragraph 3, section 101, supra, providing for a limitation period of two years in actions for injury to the rights of another, not arising on contract. They rely upon National Bank of Claremore v. Jeffries (1927) 126 Okla. 283, 259 P. 260, which **was**

an action founded on the negligence of the county treasurer in registering false and forged warrants. As we understand their argument, they contend that this action is based on negligence, "or alleged misconduct or alleged wrongful conduct" of the county treasurer. But we think it plain from the petition that the causes of action herein are founded upon the acts of the treasurer in registering the warrants issued in excess of the estimate made and approved by the excise board, creating a liability under the statute.

But neither is the statute upon which plaintiff relies the applicable statute in this case. It will be noted that the section relied upon by plaintiff will not apply to an action upon a liability created by statute where such liability is a penalty or forfeiture. An action to recover a penalty is governed by paragraph 4, section 101, supra, limiting the period to one year. It reads in part as follows:

"Fourth. Within one year: * * * an action upon a statute for penalty or forfeiture, except where the statute imposing it prescribes a different limitation."

Although the question has not been squarely passed upon by this court, we think an action based on section 5953, supra, is "an action upon a statute for penalty" within the meaning of paragraph 4, section 101, supra. In Carey, Lombard, Young & Co. v. Hamm (1916) 61 Okla. 174, 160 P. 878, in referring to section 5953 and a similar provision in section 5955, it was said: "The statute is somewhat penal in its nature, and fixes a liability as shown above not imposed by the general law." In the same connection, the court in Board of Com'rs v. Western Bank & Office Supply Co. (1927) 122 Okla. 244, 254 P. 741, referring to section 5955, supra, said:

"The purpose of this provision of the statute is both penal and remedial. It is in the nature of a penalty against the officers for the purpose of deterring them from entering into such pretended agreements. It is in the nature of a remedy in that it permits the person furnishing such goods, wares, merchandise, or labor to recover through the courts solely against the officers so prostituting their official authority."

We are not unmindful of the language in the early case of Smith v. Colson (1912) 31 Okla. 703, 123 P. 149, to the effect that a statute creating a private right for the benefit of a private person, who alone may enforce the remedy, cannot be considered a penal statute. However, the rule as to the nature of a penal statute was deter-

mined by the construction of the statute of limitations in section 2949, Ind. Ter. St. 1899 (section 4482, Mansf. Dig.), which provided:

"All actions upon penal statutes, where the penalty, or any part thereof, goes to the state, or any county, or person suing for the same, shall be commenced within two years after the offense shall have been committed, or the cause of action shall have accrued."

The words "or person" in that statute were construed to mean simply any person who sues as a common informer. It did not include any statute where a private individual was given a private right to enforce the penalty. The statute now in force (paragraph 4, section 101) is materially different. It covers any action upon a statute for penalty. It seems obvious that section 5953, even though remedial in the sense that it designates the private individuals entitled to enforce it, yet it is a statute for a penalty as against the officer. It imposes a penalty on the public officer who violates its provisions in that it charges him with the debt of the municipality where under the general law he would be under no such liability. We see no reason why the statute of limitations referred to should not apply to a statute both penal and remedial in its operation when it authorizes an action for what is in fact a penalty. This was the view taken under similar statutes in St. Anthony & D. Elevator Co. v. Martineau (1915, N. D.) 153 N. W. 416.

Neither is the case of M., K. & T. Ry. Co. v. Dewey Portland Cement Co. (1925) 113 Okla. 142, 242 P. 257, contrary to the views herein expressed. The statute in that case provided no penalty, and was wholly remedial, in that it merely required the refund of excessive charges collected by a public service corporation. We hold, therefore, that the one-year statute specified in paragraph 4, section 101, supra, is the applicable statute in the instant case.

■ The remaining question is whether defendants must be deemed to have waived the one-year statute of limitations by specifying in their demurrers that the action is barred under the two-year statute prescribed in paragraph 3, section 101, supra. It was held in Blunck v. Blunck (1935) 172 Okla. 255, 44 P.2d 963, that a party who pleads a shorter period of limitation than the one applicable to the case will be held to have waived the benefit of the longer one, which might have been pleaded, relying upon 37 C J. 1222, sec. 729, and cases cited. But in that section, it is further said:

"By the weight of authority, however, proceeding on the theory that the greater includes the lesser, an answer setting up that the cause of action did not accrue within a specified number of years is a good plea of the statute of limitations for any period not over that number of years."

█ . Moreover, the defendants in this case filed general demurrers, in addition to the special demurrers on the ground of the statute of limitations, and the court made a general order sustaining the demurrers. It is well settled that where a petition on its face shows that the cause of action set out therein is barred by the statute of limitations, it is not error to sustain a general demurrer thereto. Martin v. Gassert (1914) 40 Okla. 608, 139 P. 1141.

The two causes of action in the instant case accrued when the warrants were registered, which appears from the exhibits attached to the petition to have been November 4, 1933, and December 21, 1933, respectively. It appears from the face of the petition that both causes of action are barred by the statute of limitations.

Judgment affirmed.

BAYLESS, V. C. J., and RILEY, PHELPS, and CORN, JJ., concur.