## CORBUSIER v. HUGHEY et al.

### No. 2163.

Circuit Court of Appeals, Tenth Circuit.

March 18, 1941.

T. Austin Gavin, of Tulsa, Okl., for appellant.

George J. Fagin, of Oklahoma City, Okl. (J. Berry King, of Oklahoma City, Okl., on the brief), for appellees.

Before PHILLIPS, MURRAH, and WILLIAMS, Circuit Judges.

WILLIAMS, Circuit Judge.

On July 7, 1936, Louise S. Corbusier (plaintiff in the court below) was the owner of fifteen bonds (each in the sum of $1000) of the Weleetka Waterworks issued under date of July 7, 1921, bearing interest at rate of 6% per annum, maturing July 7, 1936, and payable at the Manufacturers Trust Company of New York City, fiscal agent for the state of Oklahoma, on which date said bonds were presented by plaintiff for payment, which was refused for lack of funds on deposit with it by the Weleetka town treasurer for payment thereof.

Approximately $23,000 being in the sinking fund with the town treasurer, on June 23, 1936, under direction of the Board of Trustees of said town, with concurring advice of the town attorney, the appellee, M. J. Hughey, its town treasurer, with $19,488.00 of said fund, purchased from

---

[2] This question, also, counsel for all parties have chosen to ignore.

the Bermont Oil Company outstanding bonds of the said town of the face value of $21,000 maturing on July 7, 1936. On July 6, 1936, approximately $4,400 remained in said sinking fund. On July 7, 1936, bonds of said town of the face value of $49,000 matured and became payable at said fiscal agency, and the sum of $4,447.93 from said sinking fund was used to pay interest coupons on outstanding bonds of said town.

On July 14, 1937, said town treasurer remitted to said fiscal agent, the Manufacturers Trust Company, $2,783.94 from its sinking fund for redemption of two bonds, matured, with coupon interest.

On September 19, 1938, the town filed petition under United States bankruptcy act for municipalities in the District Court of the United States for the Eastern District of Oklahoma, at which time there was approximately $12,000 in its sinking fund. A plan of reorganization having been approved by the court under which refunding bonds were to be issued, said sum was to be applied under order of the court toward payment of interest on its outstanding bonds.

Plaintiff appeared in the bankruptcy proceedings, objected to the reorganization plan, did not appeal from the final judgment therein, and the time for appeal has expired. Under said proceeding plaintiff is entitled to refunding bonds in the principal sum of $15,000 on account of said bonds held by her, and also to her pro rata share of the $12,000 to be distributed on interest. She declined to accept either the funding bonds or the interest.

Appellee M. J. Hughey (a defendant below), having been elected town treasurer in 1933, on June 7, 1933, as principal, with appellee (a defendant below), D. W. Johnston, as surety, executed bond in favor of said town in penal sum of $10,000 conditioned for the faithful discharge of his duties as its treasurer as required by law.

He was re-elected as town treasurer in 1935 and also in 1937. In 1935, after being re-elected, he was requested to execute a surety bond, but failed to execute such bond for the terms beginning in 1935 and 1937. The bond executed on June 7, 1933 remained on file in the office of the town clerk until after June 7, 1936.

Neither during the period prior to the maturity date of plaintiff's bonds payable at the fiscal agency in New York City nor at any subsequent time has defendant Hughey, as town treasurer, remitted to such agency a sufficient sum of money for the redemption of said bonds, nor has effort been made to liquidate same other than as indicated through means of the bankruptcy proceedings. The record does not disclose as to whether on July 7, 1936 other outstanding bonds were presented for payment at the said fiscal agency.

Plaintiff offers in event she obtains judgment herein to surrender her bonds under the order of the court.

Tried without intervention of a jury, the court found that the town officers including the defendant Hughey in the matters complained of acted in good faith. The jurisdiction of the trial court is proved without controversy, and the court held that the action was barred by one year's limitation as prescribed by Section 101, Subdivision 4, O.S.1931, 12 Okl.St.Ann. § 95, subd. 4.[1]

Plaintiff's action is based on neglect or refusal of the town treasurer to handle and transmit sinking funds, according to requirements of Section 5388, O.S.1931, 62 Okl.St.Ann. § 523, Section 345, R.L.Okla. 1910,[2] and a double liability imposed by Section 5392, O.S.1931, 62 Okl.St.Ann. § 527, Section 349, R.L.Okla.1910.[3]

---

[1] (Section 101, Subdivision 4)
"Civil actions, other than for the recovery of real property, can only be brought * * * after the cause of action shall have accrued, and not afterwards: * * * Fourth. Within one year: An action * * * upon a statute for penalty or forfeiture, except where the statute imposing it prescribes a different limitation."

[2] (Section 5388)
"The State Treasurer and all county, township, city and other treasurers of municipalities are required to remit to the State agency, at least fifteen days before the maturity of any bonds or coupons payable in New York City, a sufficient sum of money for the redemption of such bonds or coupons to be paid by them respectively, * * *."

[3] (Section 5392)
"In case any State, county, township or city treasurer shall neglect or refuse to perform the duties imposed by this Article, he shall be liable to the holder of any bonds or coupons aggrieved thereby, in a sum double the amount of such bonds or coupons which shall be dishonored by the neglect or refusal of such officer to comply with the provisions of this Article, which may be recovered in a suit at law against such treasurer."

In Battles v. Connor, 182 Okl. 613, 79 P. 2d 232, 235, Section 5953, O.S.1931, 62 Okl. St.Ann. § 477,[4] being considered, it was held that it covered a penalty against the officer "who violates its provisions in that it charges him with the debt of the municipality where under the general law he would be under no such liability" and that the one year statute of limitation imposed under Subdivision 4, Section 101, applied. In Smith v. Colson, 31 Okl. 703, 123 P. 149, relied on by plaintiff, a provision of the Arkansas statutes of limitation (Section 4482, Mansfield's Digest, Section 2949, Ind.Terr.Statutes, 1899), extended by Act of Congress over the Indian Territory, and construed, in Battles v. Connor, supra, was distinguished from Section 5953 as materially different.

■ In the action herein commenced on April 3, 1939, complaint is made as to acts of the town treasurer occurring in 1936 and 1937. These were neither covered by the bond of June 7, 1933, the term for which it was executed having expired in 1935, nor did it cover the terms of office beginning in 1935 and 1937. Dunn v. Town of Foraker, 44 Okl. 213, 144 P. 353.

■ Said Section 5392, as to this action as based, does not cover such acts of a town treasurer. Providing for a double liability for the dishonored bonds or coupons on account of the neglect or refusal of the officer to act, more penal in effect than Section 5953, under which a recovery was authorized only for the excess of the estimate of expenses, etc., a penalty is created.

■ The town treasurer not being included either expressly or by necessary implication within the terms of said statute (Section 5392), neither he nor the surety is liable. Further, the action is barred by subdivision 4 of Section 101, supra.

The judgment is affirmed.

---

4 (Section 5953)

"It shall be unlawful for any officer to issue, approve, sign, attest or register any warrant or certificate of indebtedness in any form in excess of the estimate of expenses made and approved for the current fiscal year or authorized for such a purpose by a bond issue, and any such warrant or certificate of indebtedness issued, approved, attested or registered in excess of the estimate made and approved or authorized by a bond issue, shall not be a charge against the municipality upon which it is issued, but may be collected by civil action from any officer issuing, drawing, approving, signing, attesting, registering or paying the same, or from either or all of them, or from their bondsmen."