STATE of Oklahoma ex rel. Charles NES-BITT, Attorney General, Plaintiff in Error,

v.

WESTERN SURETY COMPANY, Defendant in Error.

No. 43173.

Supreme Court of Oklahoma.

Feb. 15, 1972.

Rehearing Denied March 23, 1972.

G. T. Blankenship, Atty. Gen., Reid Robison, Asst. Atty. Gen., for plaintiff in error.

James M. Robinson, of Hanson, Fisher, Tumilty, Peterson & Tompkins, Oklahoma City, for defendant in error.

IRWIN, Justice:

The State of Oklahoma ex rel., Charles Nesbitt, Attorney General, (plaintiff) commenced proceedings against Western Surety Company, (defendant) to recover judgment for breach of the conditions of a surety bond. The trial court sustained defendant's special demurrer to plaintiff's petition for the reason that the petition showed on its face that the action was barred by the one year limitations prescribed by 12 O.S.1961, § 95(4). Plaintiff appealed.

The surety bond was furnished in connection with the issuance of a retail liquor license to Howard D. Crowley, pursuant to the requirements of the Oklahoma Alcoholic Beverage Control Act. 37 O.S. 1961, § 519. The condition of the bond was that the licensee Crowley would faithfully comply with the Oklahoma Alcoholic Beverage Control Act. 37 O.S.1961, § 502, et seq. The licensee violated the provisions of that Act and his license was revoked and the order of revocation became final. This action was commenced more than one year later to recover judgment against the surety for breach of the conditions of the surety bond.

The primary issue is whether or not the one year limitation period prescribed by 12 O.S.1961, § 95(4) is applicable against the State in an action to recover judgment on a surety bond furnished in connection with the issuance of a retail package store license pursuant to the requirements of the then Oklahoma Alcoholic Beverage Control Act.

12 O.S.1961, § 95(4) provides that an action upon a statute for penalty or forfeiture, except where the statute imposing it prescribes a different limitation, can only be brought within one year after the cause of action shall have accrued, and not afterwards.

Defendant contends that § 95(4) supra, is clear and unambiguous; that the surety bond in question is penal in nature; that there is no statute imposing a different limitation period; and since plaintiff did

not commence its action within the one year limitation period its action is barred.

We will first consider the cases relied upon by defendant to sustain its contention that the action is barred. The case of Battles v. Conner, 182 Okl. 613, 79 P.2d 232, involved an action against a county treasurer and his surety on his official bond, and we said that it was "an action upon statute of penalty" within the meaning of § 95(4) and was governed by the one year statute of limitations therein provided. In State ex rel. Estill v. Board of County Commissioners of Pontotoc County, 119 Okl. 215, 249 P. 394, we held that an action by a municipality to recover the statutory penalties therein considered can only be brought within one year from the time the cause of action accrued. In Cummings v. Board of Education, 190 Okl. 533, 125 P.2d 989, we held the one year limitation period prescribed by § 95(4) supra, was applicable in an action by the Board of Education of Oklahoma City to recover a penalty by reason of the wrongful expenditure of school district funds pursuant to a contract allegedly tainted with fraud at its inception.

Defendant recognizes that the above cases do not involve the State, suing in its sovereign capacity, but argues that they are applicable in the case at bar because the State is not seeking to directly enforce the criminal laws of our State nor is it attempting to protect a public right.

▪ A surety bond furnished in compliance with § 519, supra, of the Oklahoma Alcoholic Beverage Control Act is penal in nature, and the penal sum therein specified is the measure of damages for breach of the bond or is the punishment inflicted for violating the terms of the bond. Merchants Mutual Bonding Company v. State, Okl., 438 P.2d 931. There is no statute prescribing a period of limitation for commencing an action to recover on a surety bond furnished pursuant to § 519, unless § 95(4) is applicable against the State. However, we are of the opinion that the limitation period prescribed by § 95(4) su-

pra, is not applicable against the State in the case at bar.

▪ In State ex rel. Commissioners of Land Office v. Hall, 191 Okl. 257, 128 P. 2d 838, we held that it is a general rule that unless the statute provides to the contrary or unless the State is necessarily included in the nature of the mischief sought to be remedied, the statute of limitations does not apply to states when suing in their sovereign capacity. In Hall we said that we have even extended the doctrine of sovereign immunity to actions by the Bank Commissioner in connection with the liquidating of insolvent banks (State ex rel. Shull v. McLaughlin, 159 Okl. 4, 12 P.2d 1106; State ex rel. Freeling v. Smith, 77 Okl. 277, 188 P. 96) although in doing so we have extended the doctrine beyond the limits recognized in most jurisdictions. In this connection see 51 Am.Jur.2d Limitations of Actions, §§ 416–421, for the application of the Statute of Limitations when the state brings an action in its sovereign capacity and when the action is brought by subsidiaries and agencies of the state. In Morris v. State, 88 Okl. 189, 212 P. 588, we held that as a general rule the state is not bound by the provisions of a general statute where the effect of such statute would be to restrict the rights of the state or affect its interest.

White v. State, 50 Okl. 97, 150 P. 716, involved an action upon a forfeited appearance bond. In answer to the argument that the action was barred by limitations this Court said:

"The next assignment of error is that the cause of action is barred by the statute of limitations, but the rule is as old as the law itself that no time runs against the state. The ground on which this doctrine rests is the great principle of public policy that the public interest shall not be prejudiced by the negligence of public officers, to whose care they are consigned. * * *."

White was cited with approval in Sumpter v. State, Okl., 418 P.2d 918, wherein we held that in an action by the State to en-

force civil liability upon an appearance bond forfeited in a criminal case, statutes of limitations are not applicable as against State's cause of action. If a State action to enforce liability upon an appearance bond forfeited in a criminal proceeding is not subject to limitations, we can see no legal reason why its action to enforce liability for breach of the conditions of surety bond furnished in connection with the issuance of a liquor license as required by the Oklahoma Alcoholic Beverage Control Act would be subject to limitations. In paraphrasing the language employed in Sumpter, supra, (page 919) we are of the opinion that in enforcing liability for breach of the conditions of a surety bond furnished in connection with the issuance of a liquor license pursuant to the Oklahoma Alcoholic Beverage Control Act, the State acts in a sovereign capacity, and enforces a public right which has for its ultimate object the aid of the enforcement of the Oklahoma Alcoholic Beverage Control Act.

We hold that the instant action is not barred by any statute of limitations.

Judgment reversed.

BERRY, C. J., DAVISON, V. C. J., and WILLIAMS, JACKSON, LAVENDER and BARNES, JJ., concur.